Dennis Leonard JOHNSON, et al., Plaintiffs,

v.

Robert J. GALLI, et al., Defendants.

No. CV–R–82–79–ECR.

United States District Court, D. Nevada.

Sept. 24, 1984.

Lawrence J. Semenza, Reno, Nev., for plaintiffs.

Art Nichols, Edward Dannan, Deputy Dist. Atty., Reno, Nev., for defendants.

## MEMORANDUM DECISION AND ORDER

EDWARD C. REED, Jr., District Judge.

This matter is before the Court by reason of objections, from both sides, to the

Report and Recommendation of U.S. Magistrate Phyllis Halsey Atkins. That Report was made after a hearing on the defendants' motion for partial summary judgment in this civil rights class action concerning conditions at the Washoe County Jail.

*Pretrial Detention and Bail*

The Magistrate recommends that summary judgment be granted as to the practice in setting bail or allowing release on a defendant's own recognizance. The plaintiffs contend that the Sheriff's Department is still exercising "gut feeling" discretion as to the release of alleged misdemeanants, despite a 1981 amendment to Nevada Revised Statutes that makes this solely a judicial function. The basis for Magistrate Atkins' recommendation was the failure of the plaintiffs to submit any affidavits or other evidence showing violation of the amended statutes.

An affidavit accompanied the plaintiffs' objections to the Magistrate's Report and Recommendation, however. The affiant is a law clerk of the plaintiffs' counsel. She details an interview with a sergeant in the Sheriff's Department. The sergeant reportedly indicated to the affiant that the "gut feeling" of the booking officer remains the foremost criterion in determining whether an arrestee will be released on his own recognizance.

Said affidavit having been submitted subsequent to the Magistrate's report, she had no opportunity to consider it. (It appears that the sergeant's statements could be admissible under F.R.Ev. 801(d)(2)). The affidavit could be stricken as untimely. *See Wood v. Santa Barbara Chamber of Commerce, Inc.,* 705 F.2d 1515, 1519 (9th Cir.1983). Nevertheless, the Court feels that the interests of justice call for a remand of this issue to the Magistrate for reconsideration in light of the aforementioned affidavit. Magistrate Atkins may, if she feels it appropriate, allow the defendants to file counter-affidavits or otherwise respond to the affidavit.

*Contact Visits*

■ The Magistrate recommends denial of the defendants' motion for partial sum-

mary judgment as to the restrictions on contact visits. She feels that the defendants have failed to present evidence that the restrictions are reasonably related to a legitimate penological purpose.

The defendants point out that one of its jail officer witnesses testified that contact visitation creates a significant security danger of the smuggling of contraband and weapons into the jail. They further argue that the reasonable relationship standard is inapplicable because contact visits are not a constitutional right.

In *Rutherford v. Pitchess,* 710 F.2d 572, 577 (9th Cir.1983) the Circuit declared that the forbidding of contact visits to detainees who had spent more than thirty days in jail may represent an unreasonable, exaggerated response to security concerns, depending upon the security conditions at the particular jail. The U.S. Supreme Court reversed, sub-nom. *Block v. Rutherford,* —— U.S. ——, 104 S.Ct. 3227, 82 L.Ed.2d 438 (1984). On page ——, 104 S.Ct. on page 3228 the opinion concludes that a blanket prohibition on contact visitation is a reasonable response to security needs, consistent with the Fourteenth Amendment. A little further down the same page, the opinion states: "We hold only that the Constitution does not require that detainees be allowed contact visits when re⌐ponsible, experienced administrators have determined, in their sound discretion, that such visits will jeopardize the security of the facility."

Thus, the Supreme Court seems to feel that contact visitation involves Fourteenth Amendment rights, but that those rights are not violated where, as here, the jail administrators determine that such visits constitute a threat to security.

■ Pretrial detainees may not be punished to any extent, by reason of the protection of the Fourteenth Amendment, whereas convicted prisoners may be held under punitive conditions so long as the Eighth Amendment is not violated. *Fischer v. Winter,* 564 F.Supp. 281, 298 (N.D. Cal.1983); *Martino v. Carey,* 563 F.Supp. 984, 1006 n. 17 (D.Ore.1983). The upshot is

that a jail practice that does not offend detainees' rights will not violate those of convicted prisoners either.

The Court rejects the recommendation of the Magistrate, and holds that the defendants are entitled to partial summary judgment on the issue of contact visitation.

*Telephone Use*

█ It has been recommended by the Magistrate that partial summary judgment be granted the defendants on the issue of restrictions on telephone use. The defendants provided authority that there is no constitutional right to telephone communication; since the plaintiffs did not cite authority to the contrary, Magistrate Atkins feels the defendants' motion should be granted.

Affidavits presented by the plaintiffs indicate that detainees are allowed only infrequent (e.g., once a week) use of the telephone, sometimes at hours when the person to be called wouldn't be available. Also, if the jail staff is overwhelmed with other work, there could be a two-week delay in receiving a call. By comparison, the plaintiffs claim that inmates of the State's penitentiaries are provided with regular, systematic access to telephones.

Ofttimes use of a telephone is essential for a pretrial detainee to contact a lawyer, bail bondsman or other person in order to prepare his case or otherwise exercise his rights. There are instances where the family of a detainee or inmate may live so far away from Washoe County as to make personal visitation impractical. The better view appears to be that there is no legitimate governmental purpose to be attained by not allowing reasonable access to the telephone, and that such use is protected by the First Amendment. *See Brenneman v. Madigan*, 343 F.Supp. 128, 141 (N.D.Cal. 1972); *Moore v. Janing*, 427 F.Supp. 567, 576 (D.Neb.1976); *Inmates of Allegheny County Jail v. Wecht*, 565 F.Supp. 1278, 1284 (W.D.Pa.1983).

The defendants are not entitled to judgment as a matter of law on the issue of telephone use, therefore the Magistrate's recommendation that they be granted partial summary judgment is rejected.

*Opening of Mail*

The affidavits submitted by the plaintiffs have caused the Magistrate to recommend denial of the defendants' motion as to treatment of mail. For the purpose of eliminating the issue, the defendants are willing to stipulate that violations of their own regulations have occurred and that they will not happen again.

Under such circumstances the defendants are not entitled to partial summary judgment on this issue, therefore the Court accepts Magistrate Atkins' recommendation of denial of the defendants' motion.

*Library Facilities*

█ The Magistrate has recommended denial of the defendants' motion as to legal assistance for inmates who are involved in or wish to commence civil litigation. The defendants object to this recommendation, on the ground that the jail staff will secure, from the County law library, books requested by inmates wishing to represent themselves without questioning whether criminal or civil litigation is involved. Further, the defendants argue that civil cases are not comprehended by the rule as to legal assistance for inmates involved in criminal cases.

It is unrealistic to expect a lay person to know the specific law books he will need to research a legal problem, so that he might request them from a guard. *Martino v. Carey*, 563 F.Supp. 984, 1003 (D.Ore.1983). Either an opportunity to browse in the library or some expert assistance would be required; otherwise the lay person is denied effective access to the courts. *Id.* at 1003–1004. This right of access applies to civil, as well as to criminal, matters. *Id.; Wolff v. McDonnell*, 418 U.S. 539, 579, 94 S.Ct. 2963, 2986, 41 L.Ed.2d 935 (1974); op. of Douglas, J. in *Cruz v. Hauck*, 404 U.S. 59, 64, 92 S.Ct. 313, 316, 30 L.Ed.2d 217 (1971).

The Court accepts the recommendation that the defendants' motion be denied as to access to legal materials in civil matters.

*Educational, Vocational and Voluntary Work Programs.*

■ It is the recommendation of the Magistrate that the defendants' motion for partial summary judgment as to educational, vocational and voluntary work programs be granted. She has found that there is no constitutional right to such programs. The plaintiffs contend that the adverse effect on rehabilitation and the increased violence engendered by forced idleness can amount to a violation of the Eighth Amendment.

■ Case law supports the Magistrate's recommendation. There is no constitutional right to rehabilitation; idleness and a lack of programs do not violate the Constitution. *Hoptowit v. Ray,* 682 F.2d 1237, 1254–1255 (9th Cir.1982); *Capps v. Atiyeh,* 559 F.Supp. 894, 908 (D.Ore.1983). Federal courts may not interfere with decisions made by state prison officials absent a constitutional violation. *Hoptowit* at 1246.

The Court accepts Magistrate Atkins' recommendation that partial summary judgment be granted the defendants as to this issue.

*Training of Personnel*

■ The plaintiffs have asked that a plan be submitted that would assure that the jail would be adequately staffed and properly trained to the standards of the American Correctional Society. Magistrate Atkins has recommended that the defendants' motion be granted as to this issue, for *Hoptowit v. Ray, supra* at 1251, declares that it is impermissible for courts to become involved in the minutiae of recruitment and training programs. The plaintiffs point out that lack of proper training may well result in the jail staff violating constitutional standards. There are cases that support the plaintiffs' position. It has been held that negligence in hiring, training and supervising law enforcement officers creates a foreseeable risk that violation of citizens' civil rights may occur, providing a basis for holding the governmental entity liable under 42 U.S.C. § 1983. *Hirst v. Gertzen,* 676 F.2d 1252, 1263 (9th Cir. 1982); *Hopper v. Hayes,* 573 F.Supp. 1368, 1373 (D.Ida.1983). In fact, ftnt. 28, found at page 1263 of the *Hirst* opinion, states that a jailer's duty to keep a prisoner safe gives rise to a duty on the part of the county to staff its jail with properly hired, trained and supervised personnel. However, the plaintiffs' Complaint does not sound in negligence, there being no allegation that the alleged wrongs perpetrated against them have been proximately caused by the negligence of any of the defendants. That being the case, *Hoptowit* is undoubtedly controlling here.

The Court, therefore, accepts Magistrate Atkins' recommendation that partial summary judgment be granted the defendants as to the training of personnel.

*Personal Property*

■ The Magistrate recommends granting the defendants' motion as to the limitation of the kinds of personal property pretrial detainees may keep in their cells. She found no constitutional right to have personal property in one's cell. The plaintiffs argue that no purpose for the restriction has been shown, thus a genuine issue of material fact remains.

■ The jail officials' need to maintain security and order allows reasonable restrictions on the property rights of those who are confined there. *See McCrae v. Hankins,* 720 F.2d 863, 869 (5th Cir.1983); *Sullivan v. Ford,* 609 F.2d 197, 198 (5th Cir.1980). The inclusion of virtually all personal necessities in the types of property permitted to be kept in the Washoe County Jail cells belies any intent to punish.

Although pretrial detainees have not yet been convicted, this does not mean that they do not present a threat to security. In *Block v. Rutherford,* —— U.S. ——, ——, 104 S.Ct. 3227, 3231, 82 L.Ed.2d 438 (1984), the U.S. Supreme Court noted the ease with which an arrestee can obtain release on bail or personal recognizance. "The very fact of nonrelease pending trial thus is a significant factor bearing on the security measures that are imperative to proper administration of a detention facility." *Ibid.*

The Court accepts the Magistrate's recommendation as to the issue of what personal property may be kept in a cell.

*Fire Safety*

■ Magistrate Atkins recommends denial of the defendants' motion as to fire safety. She stated that even after accepting as true all the evidence on the issue presented by the defendants she is unable to say as a matter of law or fact that the inmates and detainees at the Washoe County Jail are free from a life-threatening situation.

In objection, the defendants point out that testimony and affidavits reflect the following: The jail is constructed of non-combustible concrete and steel; the jail has a trained and experienced fire safety officer; the mattresses, bedding and pillows are fire retardant; there are no flammable wall coverings; jail personnel are trained in the use of fire-fighting equipment; there is a formal evacuation plan; and there have been only three fires at the jail, all set by inmates, and all were immediately extinguished without injury to anyone.

The plaintiffs have not presented any evidence from which it could be inferred that the jail is a death trap in case of fire. *Cf. Leeds v. Watson,* 630 F.2d 674, 675 (9th Cir.1980). It is true that the moving parties have the initial burden to establish the non-existence of a triable issue of fact. *Clipper Exxpress v. Rocky Mountain Motor Tariff Bureau, Inc.,* 690 F.2d 1240, 1250 (9th Cir.1982). However, this rule is applied in light of the requirement that parties opposing a motion for summary judgment must then present some significant probative evidence to support their complaint. *Compton v. Ide,* 732 F.2d 1429, 1434 (9th Cir.1984); *Zoslaw v. MCA Distributing Corp.,* 693 F.2d 870, 883 (9th Cir.1982). The defendants have sustained their burden of establishing that the jail does not represent a life-threatening situation in case of fire. The plaintiffs have not furnished any probative evidence in support of the pertinent portion of their Complaint.

The recommendation of the Magistrate that the motion of the defendants for partial summary judgment be denied on the issue of fire safety is rejected.

*Unsanitary Conditions and the Physical Plant*

■ Magistrate Atkins has recommended denial of the defendants' motion as to unsanitary living conditions, on the ground that a genuine issue of material fact remains.

The defendants object on the ground that they have presented evidence that shows that any deficiencies do not rise to the level of constitutional deprivations. A review of the record reveals that the plaintiffs have not supported their complaint with probative evidence.

As to the convicted inmates, the Eighth Amendment protects from conditions which amount to an unnecessary and wanton infliction of pain. *Hoptowit v. Ray, supra* at 1256. The Fourteenth Amendment protects pretrial detainees from conditions which serve no legitimate purpose but inflict misery on them, thereby punishing them. *Martino v. Carey, supra* at 994. When sanitary conditions are in question, the test is whether substandard sanitation endangers the health of the jail occupants. *Id.* at 1000. Again, the defendants' evidence has established the non-existence of a triable issue of fact, whereas the plaintiffs' evidence does not support any contention of constitutional deprivation.

The recommendation of the Magistrate that the defendants' motion as to unsanitary conditions be denied is rejected.

The Court accepts all the recommendations and findings of Magistrate Atkins not objected to by the parties.

IT IS, THEREFORE, HEREBY ORDERED that the defendants' motion for a partial summary judgment be GRANTED as to the following issues:

a) Contact visits;

b) Reading materials;

c) Educational, vocational and voluntary work programs;

d) Training of personnel;

e) Personal property;

f) Fire safety; and

g) Unsanitary conditions and physical plant.

IT IS FURTHER ORDERED that the defendants' motion for a partial summary judgment be DENIED as to the following issues:

a) Food preparation and service;

b) Telephone use;

c) Opening of mail;

d) Access to legal materials; and

e) Recreation and exercise.

IT IS FURTHER ORDERED that this matter be remanded to the U.S. Magistrate for reconsideration of the issue of pretrial detention and bail in the light of the affidavit of the law clerk of the plaintiffs' counsel.