862 F.2d 711
 L. Thomas GLADSON, Appellant,
v.
Robert RICE; John Doe No. 1; John Doe No. 2; John Doe No.
3, Appellees.
 No. 87-2218.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Sept. 21, 1988.
Decided Dec. 12, 1988.
 
 Carlton G. Salmons, Des Moines, Iowa, for appellant.
 Linda Newman Gentry, Des Moines, Iowa, for appellees.
 Before ARNOLD, FAGG and WOLLMAN, Circuit Judges.
 FAGG, Circuit Judge.
 
 
 1
 L. Thomas Gladson brought this 42 U.S.C. Sec. 1983 action to challenge his temporary confinement apart from the general inmate population at the Polk County, Iowa, jail (the jail). The district court granted summary judgment in favor of the county sheriff and members of the jail staff (the defendants). Gladson appeals, and we affirm.
 
 
 2
 Gladson was charged in the shooting death of a Newton, Iowa, police officer that occurred while Gladson was at large after escaping from a minimum security correctional facility. Gladson was convicted of first-degree murder, sentenced to life imprisonment without parole, and assigned to the Iowa State Penitentiary in Fort Madison, Iowa (the ISP). To facilitate postconviction proceedings on his behalf, Gladson was temporarily transferred in 1986 to the jail, where he remained for ten days. Gladson was then returned to the ISP.
 
 
 3
 Before Gladson arrived at the jail, the defendants received information from ISP personnel that Gladson was considered an escape risk who had the potential for violence. Gladson was housed at the ISP in a single cell apart from the general prison population, and he was released only for exercise. The ISP confinement restrictions were for security reasons and were not the result of disciplinary proceedings taken against Gladson for infraction of ISP rules. Based on this information, the defendants also separated Gladson from the general jail population during his ten-day temporary assignment to the jail. He was restricted to a single cell and was released only for exercise. His confinement status at the jail likewise was not a disciplinary placement.
 
 
 4
 Gladson bases his section 1983 action on two contentions related to his ten-day jail confinement. First, Gladson contends his constitutional liberty interest was infringed in violation of the due process clause when he was held under circumstances described by the jail rules as administrative segregation without the notice and hearing required for confinement of jail inmates. Second, Gladson contends the reason for his placement and the conditions of his confinement violated the eighth amendment. We reject each of these contentions.
 
 
 5
 Initially, we are doubtful whether Gladson at the time of his brief confinement was a jail inmate in the sense in which the jail rules use that term. He was neither a pretrial detainee nor an inmate assigned to the jail to serve a sentence. Rather, he was a temporary resident housed at the jail for his convenience in pursuing postconviction remedies. Nor was Gladson involved in any misconduct during his temporary stay at the jail that violated jail regulations. In these circumstances, we question whether the internal jail rules governing the transfer of a jail inmate from the general jail population to administrative segregation are applicable to Gladson and whether Gladson may thus rely on those rules to challenge his placement in a setting that paralleled his housing classification at the ISP. See Rust v. Grammer, 858 F.2d 411, 413 (8th Cir.1988). The district court implicitly held to the contrary, however, and we need not decide this question of state law because we fail to see how Gladson has been harmed by his temporary placement at the jail.
 
 
 6
 The record before us shows no appreciable difference between Gladson's basic status and living conditions in the ISP and those in the jail to which he was temporarily assigned. The ISP classified him in a manner that restricted him to a single cell separate from the general inmate population and permitted his release only for exercise. To the extent practicable, the defendants duplicated this classification and placement for the short duration of Gladson's jail stay. In this situation, we cannot see how Gladson is in a position to complain about his confinement apart from the general inmate population at the jail. Thus, we conclude the district court properly granted summary judgment on Gladson's due process claim.
 
 
 7
 We are aware Gladson in his pleadings has alleged that his "status at [the] Polk County [jail] in administrative segregation * * * is the same as lock-up status at Ft. Madison on paper only." Nevertheless, Gladson has identified no meaningful details contradicting the defendants' affidavits, which state Gladson's confinement status in both institutions was essentially comparable. The only details Gladson does identify deal with the lack of particular day-to-day amenities and privileges in the jail. We conclude these matters do not bear on Gladson's entitlement to a due process hearing, but in essence relate to his eighth amendment claim, to which we now turn.
 
 
 8
 Gladson contends the defendants placed him in administrative segregation as a punitive measure resulting primarily from the nature of his crime. Gladson also challenges the defendants' decision denying him unlimited access to certain amenities and privileges such as radio, television, telephone, showers, visitors, exercise, and cigarettes.
 
 
 9
 We find no indication in this record of any intent to punish Gladson by confining him apart from the general jail population. Rather, the record shows the defendants evaluated Gladson's potential threat to jail security in light of information received from correctional officials at the ISP, and they provided Gladson with the substantial equivalent of his ISP living arrangement during his short stay at the jail. Gladson was permitted to smoke cigarettes occassionally, to take showers, and to consult with his attorney concerning the postconviction proceedings for which his temporary transfer was initially made. Otherwise, Gladson does not complain about the conditions of his confinement, nor does he contend his basic needs were ignored by the jail staff. Under these circumstances, we do not believe Gladson's confinement during the ten-day period amounted to cruel and unusual punishment in violation of the eighth amendment.
 
 
 10
 Accordingly, we agree with the district court that the defendants are entitled to summary judgment.
 
 
 11
 AFFIRMED.