867 F.2d 1148
 John M. STEUART, Appellant,
v.
John R. SUSKIE in his official capacity as Manager of the
U.S. Dept. of HUD; Samuel R. Pierce in his official
capacity as Secretary of the U.S. Dept. of HUD; Gordon
Walker, in his official capacity as Deputy Asst. Secretary
in charge of Field Operations, U.S. Dept. of Housing and
Urban Development, Appellees.
 No. 87-2494.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Feb. 3, 1989.
Decided Feb. 16, 1989.
 
 Steven M. Angel, Oklahoma City, Okl., for appellant.
 Patrick Harris, Asst. U.S. Atty., Little Rock, Ark., for appellees.
 Before ARNOLD, BOWMAN and MAGILL, Circuit Judges.
 ARNOLD, Circuit Judge.
 
 
 1
 John Steuart, a former employee of the Department of Housing and Urban Development (HUD), appeals from the District Court's[1] order granting HUD officials' motion to dismiss Steuart's Bivens claim against them. We affirm.
 
 
 2
 The facts are undisputed. Steuart was employed in the Little Rock, Arkansas HUD office as an appraiser. In 1980 HUD instituted a policy, set forth in Notice 80-14, whereby all appraisals for single-family HUD mortgage applications were to be on a "fee," or contract, basis. The notice contained the following provision:
 
 
 3
 [S]ince HUD fully recognizes its responsibilities to affected HUD employees who decide to leave or are required to leave the Department because of the implementation of these policy revisions, all affected employees will be placed immediately on the appropriate fee panels (subject to State laws) if they wish.
 
 
 4
 The notice was dated May 14, 1980, "Expires: Indefinite." HUD Handbook 4020.1 provided that fee cases would be assigned to designated appraisers on an alphabetical rotational basis.
 
 
 5
 On September 7, 1983, Steuart was terminated as part of a reduction-in-force. His name was placed on a standby panel. After his formal application for fee-appraiser designation, which was approved by John Suskie (Manager of the HUD office in Little Rock), Steuart wrote to Samuel Pierce (Secretary of HUD) requesting placement on an active rotational roster. Pierce referred the letter to Gordon Walker (Deputy Under Secretary for Field Coordination), who responded to Steuart that Notice 80-14 applied only to those persons affected by the reduction-in-force at the time of the Notice, and was "not considered mandatory for subsequent organizational changes."
 
 
 6
 In his complaint Steuart sought mandamus; review of the agency action under the Administrative Procedure Act, 5 U.S.C. Secs. 701-706; and damages against Suskie, Pierce, and Walker in their individual and official capacities for deprivation of property without due process. Refusal to place him on the active roster was arbitrary, capricious, and an abuse of discretion, the complaint alleged, and therefore a denial of "substantive due process."
 
 
 7
 On July 7, 1987, the District Court granted defendants' motion to dismiss them in their individual capacities, summarily concluding they were entitled to qualified immunity. On August 10, 1987, the Court, upon Steuart's motion, certified its order as a final appealable order under Federal Rule of Civil Procedure 54(b) and entered judgment accordingly. On August 13, 1987, defendants filed a motion to vacate the judgment, arguing that the July 7 order should not have been certified as appealable. On September 1, 1987, the District Court denied defendants' motion "for reconsideration" of the August 10 order. Steuart filed his notice of appeal October 28, 1987. Defendants have moved to dismiss Steuart's appeal as untimely.
 
 
 8
 This motion is denied. Steuart's notice of appeal was timely. Defendants' August 13, 1987 motion, filed within ten days of judgment and challenging the correctness of the judgment, is treated as a motion under Federal Rule of Civil Procedure 59(e). See Jackson v. Schoemehl, 788 F.2d 1296, 1298 (8th Cir.1986). Steuart's notice of appeal, filed within sixty days of denial of appellees' postjudgment motion, was thus timely. See Fed.R.App.P. 4(a)(1), (4).
 
 
 9
 We turn to the merits. The District Court correctly granted defendants' motion to dismiss them in their individual capacities. Steuart simply has failed to state a constitutional claim which would entitle him to damages. Although the HUD Notice and Handbook may have given Steuart an expectation that he would be placed on an active roster, he has not alleged a failure to provide the procedural safeguards required by the Constitution, i.e., notice and an opportunity to be heard. Nor does Steuart's allegation that appellees deprived him of a certain status in contravention of HUD policy statements state a "substantive due process" claim. The doctrine of substantive due process is reserved for a narrow class of cases, usually involving some egregiously unfair or shocking act of governmental oppression. Steuart here claims a violation by HUD of its own personnel procedures. If such a claim raises substantive-due-process concerns, every claim by a citizen that any government has violated a statute, regulation, or procedure, in such a way as adversely to affect "liberty" or "property," would create a constitutional lawsuit. The heavy artillery of constitutional litigation is not available on such an indiscriminate basis. If in fact the agency has acted unlawfully, ample remedies, including the Administrative Procedure Act, are available without resort to the Due Process Clause of the Fifth Amendment.
 
 
 10
 ACCORDINGLY, WE AFFIRM.
 
 
 
 [1]
 The Hon. Henry Woods, United States District Judge for the Eastern District of Arkansas