**Dennis WILLIAMS, Plaintiff,**

v.

**Dave McCLAIN, Defendant.**

**No. 88–6051–CV–SJ–6–P.**

United States District Court,
W.D. Missouri,
St. Joseph Division.

March 15, 1989.

Dennis Williams, Stockton, Mo., pro se.

R. Dan Boulware and Joseph W. Elliott, St. Joseph, Mo., for defendant.

ORDER

SACHS, District Judge.

Now pending before the Court is defendant's motion to dismiss and plaintiff's response thereto.

Defendant contends that plaintiff's claims are frivolous within the meaning of 28 U.S.C. § 1915(d) (1976) and that plaintiff's cause of action should be dismissed. To support his motion to dismiss, defendant has attached the Affidavit of defendant David McClain addressing plaintiff's claims.

Plaintiff's first allegation is that as a pretrial detainee he was denied telephone calls from December 8, 1987, through December 24, 1987. In his motion to dismiss, defendant states the jail's telephone policy. Defendant states that inmates are allowed telephone times on each Thursday in one of two shifts. Affidavit of David McClain, p.1. Defendant contends that the deputies will try to accommodate the inmates' needs regarding making telephone calls at times other than the scheduled time shifts. *Id.* Defendant contends that an inmate is allowed to make legal calls "even though it may be at an inconvenient or inappropriate time." *Id.* Defendant states that a deputy or jailer must dial the number for the prisoner, and that there are times when only one deputy or jailer is on duty which could result in the inmate having to place an unscheduled call at a later time. *Id.* at p. 2.

In his response to defendant's motion to dismiss, plaintiff contends that he was denied telephone calls by the jailers. Plaintiff asserts that defendant may have a policy concerning telephone calls, but that such policy is not being carried out by the jailers. Plaintiff's Response, p. 1. The jail policy itself is not challenged as constitutionally deficient.

Defendant has failed to specifically demonstrate that plaintiff was not denied telephone calls pursuant to the jail's policy or was denied such calls for a valid security reason during the time period in question. *Cf. Gladson v. Rice*, 862 F.2d 711, 713 (8th Cir.1988); *Rust v. Grammen*, 858 F.2d 411, 413–415 (8th Cir.1988). Sporadic deficiencies in telephone access probably do not rise to the level of a constitutional violation, however, by analogy to such occasional deficiencies in mail service. The Court is aware that under some circumstances a fixed policy, rule or regulation may create a liberty interest going beyond the constitutional minimum otherwise applicable, and that a violation of policy may be challenged as a deprivation of liberty without due process of law. For example, see *Board of Pardons v. Allen*, 482 U.S. 369, 107 S.Ct. 2415, 96 L.Ed.2d 303 (1987) (statutory parole rights become enforceable as a matter of constitutional law). On the other hand, Judge Arnold has recently written that the doctrine of substantive due process is "reserved for a narrow class of cases, usually involved in some egregiously unfair or shocking act of governmental oppression." *Steuart v. Suskie*, 867 F.2d 1148 (8th Cir.1989). In *Steuart*, where there was a claimed violation of an agency's personnel procedures, the court stated that if such a claim raises substantive-due-process concerns, "every claim by a citizen that any government has violated a statute, regulation, or procedure, in such a way as adversely to affect 'liberty' or 'property', would create a constitutional lawsuit. The heavy artillery of constitutional litigation is not available on such an indiscriminate ba-

sis." [1] Applying this to the prison context, I conclude there could be no claim of constitutional violation of jail condition rights simply because jail personnel failed to keep temperatures at levels specified by those in charge, or failed to follow a particular prescribed dietary requirement, or telephone or exercise policy, if the resulting conditions do not violate constitutional limits existing in the absence of a specified local policy. In other words, a "peaches and cream" lawsuit is not a federal case. While the instant allegations relating to telephone availability are more serious, I conclude that they do not rise to the level of an alleged constitutional violation, particularly where they are not claimed to represent more than negligence or misunderstanding by jail personnel. The right to telephone usage does of course become a constitutional question in some egregious circumstances. *Feeley v. Sampson,* 570 F.2d 364, 373-4 (1st Cir.1978); *Wooden v. Norris,* 637 F.Supp. 543, 555-6 (M.D.Tenn. 1986); *Johnson v. Galli,* 596 F.Supp. 135, 138 (D.Nev.1984). Therefore, defendant's motion to dismiss as to plaintiff's first allegation is granted.

■ Plaintiff's second allegation is that he was placed in a cell with little heat and without a blanket or sheet. In his motion to dismiss, defendant states that plaintiff was placed in a holding cell because he was violent and uncooperative when he first was incarcerated at the Nodaway County Jail. Affidavit of David McClain, p. 2. Defendant states that the Nodaway County Jail has modern climate control features. The thermostat which regulates the temperature of the holding cell also regulates the temperature of the women's side of the facility. *Id.* Defendants state that "every attempt is made to accommodate the needs of both the women and any male held in the holding cell." *Id.* Plaintiff did not address this allegation in his response to defendant's motion to dismiss. In his original complaint, plaintiff alleges that when he was first incarcerated he had warm clothing which the jailer's withheld from him when he was placed into the holding cell. Complaint, p. 3.

It is axiomatic that to state a claim under 42 U.S.C. § 1983 (1976), a plaintiff must allege the deprivation of a constitutional or federally protected right. *See Parratt v. Taylor,* 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981). The United States Supreme Court clearly has held that mere negligence on the part of those acting under color of state law, causing unintended loss of or injury to life, liberty, or property, does not implicate the Due Process Clause of the Fourteenth Amendment. *Daniels v. Williams,* 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986); *Davidson v. Cannon,* 474 U.S. 344, 106 S.Ct. 668, 88 L.Ed.2d 677 (1986). Plaintiff's second allegation fails to state a claim of constitutional dimensions. Nor has plaintiff alleged any damage or injury as result of defendants' action. Absent the violation of a constitutional or federally protected right, plaintiff has failed to meet the threshold requirement for stating a cognizable claim under Section 1983. Consequently, defendant's motion to dismiss is granted as to plaintiff's second allegation.

---

1. I recognize that the case law on this subject is somewhat confusing. The *Steuart* rule, which seems clearly sound, effectively restates the comment of Judge Wisdom that the fourteenth amendment "does not go so far as to open the federal courts as a forum for the remedy of *every* state law wrong" by public employees. *Neuwirth v. La. State Bd. of Dentistry,* 845 F.2d 553, 561 (5th Cir.1988) (dissenting on other grounds). Violation of state law provisions for prisoner opportunities to participate in work, education and vocational training programs cannot, for example, be remedied in federal court. *Toussaint v. McCarthy,* 801 F.2d 1080, 1106 (9th Cir.1986). This does not signify, of course, that prisoners have no constitutional right to reading material, for example (*Heitman v. Gabriel,* 524 F.Supp. 622, 627 n. 4 (W.D.Mo. 1981)) but simply that the right must be traceable to the Constitution itself, not to some requirement of local law. Part of the confusion may have its source in cases like *Hewitt v. Helms,* 459 U.S. 460, 103 S.Ct. 864, 74 L.Ed.2d 675 (1983), where liberty interests are said to be created by locally adopted statutes and regulations. *Hewitt* distinguishes, however, between simple freedom interests and day-to-day administrative issues in the prison context. Cases which fail to note and follow this distinction by the Supreme Court fall into erroneous reasoning, in my judgment. *See, e.g., Brown v. Manning,* 630 F.Supp. 391, 398-9 (E.D.Wash.1985).

■ Plaintiff's third allegation is that he was denied medical treatment. In his motion to dismiss, "[defendant] states that [plaintiff] has never asked for and been denied medical treatment." Affidavit of David McClain, p. 2. Defendant further states the medical policy for the Nodaway County Jail. *Id.* at pp. 2–3. In his complaint, plaintiff contends that, on January 6, 1988, he was refused medical treatment for his high blood pressure. Complaint, p. 3. Plaintiff contends that, on May 17, 1988, he was denied medical treatment when he was not taken to a doctor's appointment. Plaintiff's Response, p. 1.

Plaintiff has alleged specific instances where he was denied medical treatment. Defendant has not sufficiently demonstrated that he was not "deliberately indifferent" to plaintiff's serious medical needs. *Estelle v. Gamble,* 429 U.S. 97, 105, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976). Thus, defendant's motion to dismiss is denied as to plaintiff's third allegation.

■ Plaintiff's fourth and fifth allegations are that his incoming mail was opened and read and that his outgoing mail is not mailed in a timely fashion. In his motion to dismiss, defendant states that any legal mail is passed to or from the prisoner without it being opened. Affidavit of David McClain, p. 3. Defendant states that any non-legal type mail is opened and checked for contraband. *Id.* Defendant further states that the non-legal mail is scanned as a security measure to ensure the safety of the inmates and the deputies. *Id.* Defendant describes the outgoing non-legal mail procedure for the jail as follows: any non-legal mail is to be turned in to a jailer in an unsealed envelope; the jailer is to check the envelope for contraband; and any non-legal mail handed to a jailer in a sealed envelope is returned to the prisoner with instructions of the jail's mailing policy. *Id.* at pp. 3–4.

In his response, plaintiff contends that the jail's mail policy should be seriously changed. Plaintiff's Response, p. 2. Plaintiff states that, on March 25, 1988, a jailer refused to mail a sealed stamped letter from plaintiff unless the jailer could read it. Plaintiff's Amended Complaint, p. 1. Further, plaintiff alleges that legal mail from the courts has been taped closed. Complaint, p. 3.

■ "Prison administrators ... should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." *Bell v. Wolfish,* 441 U.S. 520, 547, 99 S.Ct. 1861, 1878, 60 L.Ed.2d 447 (1979). Further, "the legitimate governmental interest in the order and security of penal institutions justifies the imposition of certain restraints on inmate correspondence." *Procunier v. Martinez,* 416 U.S. 396, 412–413, 94 S.Ct. 1800, 1811, 40 L.Ed.2d 224 (1974); *see also Bumgarner v. Bloodworth,* 768 F.2d 297, 301 (8th Cir.1985). Isolated instances of opening privileged legal mail do not violate an inmate's due process rights to access to the courts. *See O'Donnell v. Thomas,* 826 F.2d 788, 790 (8th Cir.1987); *see also Cofone v. Manson,* 409 F.Supp. 1033 (D.Conn. 1976). In addition, plaintiff appears to be claiming only a negligent opening and taping of his legal mail. As previously stated, allegations of mere negligence are not sufficient to state a claim under Section 1983. *Daniels v. Williams,* 474 U.S. at 330–333, 106 S.Ct. at 664–65; *Davidson v. Cannon,* 474 U.S. at 347, 106 S.Ct. at 670. Nor does plaintiff allege any actual injury as a result of the negligent opening of his mail.

Plaintiff has failed to demonstrate that defendant's non-legal mail policy does not have a "reasonable relationship" to the defendant's expressed security concerns. *See Turner v. Safley,* 482 U.S. 78, 89–90, 107 S.Ct. 2254, 2261–62, 96 L.Ed.2d 64, 79–80 (1987); *Salaam v. Lockhart,* 856 F.2d 1120, 1122 (8th Cir.1988). Plaintiff has failed to demonstrate that defendant's mail policy is more restrictive than necessary to protect prison security. *Murphy v. Missouri Department of Corrections,* 814 F.2d 1252, 1256 (8th Cir.1987) (citing, *Procunier v. Martinez,* 416 U.S. at 413, 94 S.Ct. at 1811). Therefore, defendant's motion to dismiss will be granted as to plaintiff's fourth and fifth allegations.

When considering a motion to dismiss pursuant to 28 U.S.C. 1915(d) or Rule 12(b), Fed.R.Civ.P., the Court must liberally construe the complaint in favor of the plaintiff, accepting the factual allegations in the complaint as true. *See Valiant–Bey v. Morris,* 829 F.2d 1441, 1443 (8th Cir.1987); *Holloway v. Lockhart,* 792 F.2d 760, 762 (8th Cir.1986). The Court may dismiss the allegation only if it is clear that plaintiff would be unable to prove any set of facts in support of his claim that would entitle him to relief. *See Valiant–Bey v. Morris, supra,* (citing, *Holloway v. Lockhart,* 792 F.2d at 761–762) (other citations omitted); *see also Hishon v. King & Spaulding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984).

Based on the above discussion, defendant's motion to dismiss will be granted in part as to plaintiff's first, second, fourth, and fifth allegations. *See Haugen v. Sutherlin,* 804 F.2d 490, 491 (8th Cir.1986); *Martin–Trigona v. Stewart,* 691 F.2d 856 (8th Cir.1982). Defendant's motion to dismiss will be denied in part as to plaintiff's third allegation being frivolous.

Defendant has filed an answer to the complaint in this case, and at this time plaintiff and defendant should commence discovery as to plaintiff's remaining allegation. Discovery is the process by which information is gathered before trial for the purpose of narrowing and defining the disputed legal and factual issues. For guidance in discovery procedures, both parties should consult Local Rule 15 and Rules 26–37 of the Federal Rules of Civil Procedure. Because plaintiff is proceeding *pro se* in this case, the Court directs defendant to take the lead in preparation of a proposed discovery plan. It is plaintiff's responsibility to comply fully with the requirements of discovery. Failure to cooperate in discovery or to comply with the rules of discovery may result in dismissal of this action. Both parties will receive from the Clerk of the Court a Notice of Pretrial Procedures Pursuant to Local Rule 15.

Accordingly, it is ORDERED that:

(1) defendant's motion to dismiss is granted in part as to plaintiff's first, second, forth and fifth allegations for the reasons stated herein;

(2) defendant's motion to dismiss is denied in part as to plaintiff's third allegation for the reasons stated herein;

(3) the Clerk of the Court forward to both parties a Notice of Pretrial Procedures Pursuant to Local Rule 15, and to plaintiff a copy of Local Rule 15; and

(4) plaintiff and defendant shall commence discovery as discussed above.