16 F.3d 1227
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 Lyle W. BAUMAN; Arlien J. Bauman, Appellants,
v.
UNITED STATES OF AMERICA; Farmers Home Administration;
Robert R. Schreurs, Appellees.
 No. 93-3043.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: January 26, 1994.
Filed: February 1, 1994.
 
 Before FAGG, WOLLMAN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 Lyle W. Bauman and Arlien J. Bauman appeal the district court's[1] order dismissing their due process claim with prejudice for failure to state a claim. We affirm.
 
 
 2
 Invoking jurisdiction under the Tucker Act and the Federal Tort Claims Act, the Baumans sued the United States, the Farmers Home Administration (FmHA), and Robert R. Schreurs, an FmHA employee, in his individual capacity. According to their amended complaint, the Baumans had a mortgage on their 340-acre farm (including an 80-acre homestead) with the Federal Land Bank Association of St. Paul (FLBA). FLBA foreclosed on the mortgage, and FmHA acquired the land in 1984. In 1986, FmHA offered to lease the land to the Baumans, but the parties were unable to agree on the rental figure. In 1987, FmHA offered to sell the entire farm at a certain price, but refused the Baumans' counter-offer to buy only the homestead. FmHA and Schreurs failed to inform the Baumans that they had the right of first refusal to buy the homestead separate from the rest of the farm. The Baumans appealed to FmHA's National Appeals Staff, which held FmHA's price was reasonable but FmHA must offer to sell the homestead separately to the Baumans, with state law on the right of first refusal governing. The Baumans demanded sale of the homestead at the farm's 1987 appraisal price, but FmHA had the homestead reappraised in 1991 at a higher price. The Baumans appealed, and the National Appeals Staff denied all further relief.
 
 
 3
 The Baumans asserted that defendants "published false credit information" about them, defamed them, interfered in their contractual rights, and invaded their privacy; and that, in these actions, "the conduct of each defendant was negligent." The Baumans also asserted, without elaboration, that they "have been denied due process of law." Finally, they claimed that FmHA and Schreurs "violated state and federal law," and their conduct "was arbitrary and capricious." The Baumans sought an injunction against their eviction from the homestead, a sale of the homestead at the 1987 price, a lease price of the balance at $35 per acre, and damages.
 
 
 4
 The government moved to dismiss the complaint. At a hearing on the motion, counsel for the Baumans explained that their Fifth Amendment due process claim was based on the government's denial of their right of first refusal to purchase the land from FmHA. The district court then dismissed the tort and contract claims without prejudice for lack of jurisdiction. The court dismissed the due process claim with prejudice for failure to state a claim, because the amended complaint alleged no more than negligent conduct. The Baumans now appeal only the dismissal of their constitutional due process claim, arguing that they had a right of first refusal to buy or lease the land under state and federal law.
 
 
 5
 The Baumans have not alleged that FmHA sold the land, and they have not clearly alleged that FmHA leased the land to a third party without first offering it to them for lease. Assuming, however, that the Baumans were in fact deprived of the right of first refusal, and that the right is a constitutionally protected property interest, the Baumans have not stated a substantive due process claim by asserting that FmHA failed to comply with state and federal statutes. The "heavy artillery of constitutional litigation" is not available every time an agency acts unlawfully, especially where other remedies are available under the Administrative Procedure Act.
 
 
 6
 Steuart v. Suskie, 867 F.2d 1148, 1150 (8th Cir. 1989).
 
 
 7
 The Baumans have also not alleged a failure to provide the procedural safeguards required by the Constitution. In the Baumans' two administrative appeals, they had an opportunity to present their own testimony and their own expert appraisal of the land. They simply did not agree with the result of the appeals.
 
 
 8
 As to Schreurs individually-the only defendant as to whom damages could have been pursued-the Baumans failed to allege that his acts were more than merely negligent. See Tallman v. Reagan, 846 F.2d 494, 495 (8th Cir. 1988) (per curiam) (gross negligence does not implicate Fifth Amendment Due Process Clause). Nor did they assert facts that, if proven, show his conduct was so egregious or irrational as to exceed "standards of inadvertence and mere errors of law." Condor Corp. v. City of St. Paul, 912 F.2d 215, 220 (8th Cir. 1990).
 
 
 9
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable Donald D. Alsop, Senior United States District Judge for the District of Minnesota