Rogers v. Rockingham County          CV-96-560-SD   07/23/98

UNITED STATES DISTRICT COURT FOR THE

                    DISTRICT OF NEW HAMPSHIRE


Charles F. Rogers

        v.                              Civil No. 96-560-SD

County of Rockingham;
Rockingham County House
of Corrections;
Superintendent, Rockingham
County House of Corrections;
EMSA Correctional Care;
Sandra Chapman, Senior Supervisor
for EMSA Correctional Care;
Heather Fleming;
Joan Houghtaling


                        O R D E R


        In this civil rights action, plaintiff claims his

constitutional rights were violated while he was detained in the

Rockingham County House of Corrections.  Before the court is the

Rockingham County defendants' motion for summary judgment, to

which plaintiff objects, and plaintiff's motion for summary

judgment, to which defendants object.

        In its order of April 30, 1998, this court denied the

Rockingham County defendants' motion for summary judgment, even

though plaintiff had not produced any evidence to support his

case.  The court noted that "[a] party cannot rely on the

pleadings alone to oppose summary judgment, but must produce

properly supported evidence . . . to demonstrate a genuine

dispute for trial."  Order of Apr. 30, 1998, at 2 (quoting

<u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 325 (1986)).
Nonetheless, the court temporarily denied summary judgment so the
pro se plaintiff would have a grace period for producing evidence
supporting his claims.  The court warned plaintiff that after the
grace period had expired, "summary judgment will be granted for
every claim that plaintiff does not support with enough evidence
to demonstrate a triable issue of fact."  <u>Id.</u> at 3.

The grace period has now expired, and plaintiff has produced
only minimal evidence, most of which relates to claims that have
already been dismissed by previous order.  <u>See</u> Order of Jan. 7,
1997, at 6-7.  Plaintiff has submitted his sworn affidavit, which
pertains, in most part, to the dismissed diet-related complaints,
<u>see</u> Plaintiff's Affidavit ¶ 6, and to the dismissed law library
access complaint, <u>see</u> Plaintiff's Affidavit ¶ 7.  Next, Rogers
points to an entry in the medical records kept during his
confinement which confirms that plaintiff was ordered to "D block
as a medical lock-in, due to on-going non-compliance and threats
to his health."  Defendants' Motion for Summary Judgment, Exhibit
1, at 3 (page numbered "-7-").  Plaintiff alleges this evidence
supports his claim that he was disciplined without due process of
law for eating french fries.  However, that claim has already
been dismissed.  <u>See</u> Order of Jan. 7, 1997, at 7.

Plaintiff has only submitted two pieces of evidence that
pertain to viable claims.  First, paragraph 5 of plaintiff's

2

affidavit claims he was denied any opportunity to exercise during his confinement. In Laaman v. Helgemoe, 437 F. Supp. 269, 309 (D.N.H. 1977), the court said:

> I have previously held that failure to provide physical exercise for an unreasonable period of time constitutes a threat to the well-being of the prisoners. It also exhibits a calloused indifference to the health needs of a captive population. It is, therefore, cruel and unusual punishment. . . . [T]he right to reasonable opportunities for exercise is fundamental.

Defendants respond with the affidavit of Gene Charron, who claims that Rogers was prevented from participating in the facility's outdoor exercise program for reasons of health. Charron Affidavit at 3, ¶ 7 (attached to Defendants' Memorandum). Nonetheless, inmates like Rogers, who for health reasons could not participate in outdoor exercise programs, are entitled to alternate reasonable opportunities to exercise, although they need not be elaborate, as "[t]he Constitution does not demand sophisticated athletic equipment." Laaman, supra, 437 F. Supp. at 309. Defendants have submitted no evidence of any exercise opportunities provided to inmates like Rogers who for reasons of health were prevented from participating in the regular outdoor program. Thus there remains a disputed issue of fact whether Rogers' right to reasonable opportunities for exercise was violated.

Next, Rogers' affidavit claims that limitations were imposed on his right to use the telephone. The Supreme Court has recognized that "[p]rison walls do not form a barrier separating prison inmates from the protections of the Constitution." Turner

3

v. Safley, 482 U.S. 78, 84 (1987). Accordingly, courts have held that prisoners have a First Amendment right to use the telephone. Owens-El v. Robinson, 442 F. Supp. 1368, 1386 (W.D. Pa. 1978) ("Inmates have a constitutional right, protected by the First Amendment, to communicate with friends, relatives, attorneys, and public officials by means of . . . telephone calls."); Johnson v. Galli, 596 F. Supp. 135, 138 (D. Nev. 1984). On the other hand, "courts are ill equipped to deal with the increasingly urgent problems of prison administration and reform." Procunier v. Martinez, 416 U.S. 396, 405 (1974). Factoring in the policy of judicial restraint, the Supreme Court formulated a deferential standard of review under which restrictions on a prisoner's constitutional rights are valid if reasonably related to legitimate penological interests. Turner, supra, 482 U.S. at 89. Thus "[t]he particular formula for regulating telephone use should be left to the sound discretion of jail officials, subject to review by the district court to guard against unreasonable restrictions." Feeley v. Sampson, 570 F.2d 364, 374 (1st Cir. 1978); Washington v. Reno, 35 F.3d 1093, 1100 (6th Cir. 1994); Wolfish v. Levi, 573 F.2d 118, 126 (2d Cir. 1978) ("Although pretrial detainees enjoy a first amendment right to communicate by telephone with persons outside the prison, that right has never been construed to mandate a special level of telephone services. Accordingly, to require the [prison] to return to court whenever it seeks to make any change, however minor, in its telephone service, would place great strains on overburdened

4

federal judges and would, in essence, preempt the role of prison officials. Disputes . . . would best be handled by the inmate grievance procedure provided by the Bureau of Prisons, rather than federal courts." (Footnote omitted.)).

Defendants have not asserted any penological interest to justify the restrictions on Rogers' use of the telephone. This court will not speculate as to whether such a penological interest is in fact present. Thus there remains a disputed issue of fact whether Rogers' First Amendment right to use the telephone was infringed.

Aside from the exercise and telephone claims, the rest of Rogers' claims are entirely unsupported by evidence. Rogers does attempt to support his medical malpractice claims in paragraphs 4 and 8 of his affidavit. However, those statements are far too vague and general to oppose summary judgment. See Lujan v. National Wildlife Fed'n, 497 U.S. 871, 888 (1990) ("The object of [Rule 56(e)] is not to replace conclusory allegations of the complaint or answer with conclusory allegations of an affidavit."). None of Rogers' claims except the exercise and telephone claims are supported by competent evidence, and summary judgment is therefore appropriate on all other claims, except the exercise and telephone claims.

The municipal defendants seek summary judgment on grounds that Rogers has failed to "identify a municipal 'policy' or 'custom' that caused the plaintiff's injury." Board of County Comm'rs v. Brown, ___ U.S. ___, ___, 117 S. Ct. 1382, 1388

5

(1997). To identify a policy, the plaintiff must point to an "act by a decisionmaker with final authority in the relevant area." Id. With respect to plaintiff's lack of exercise claim, he swears by affidavit that he "wrote the Superintendent by internal mail asking that the institution provide [appropriate exercise]." Rogers' Affidavit ¶ 5. The court finds that the superintendent retains the requisite authority in the area of inmate exercise, and thus Rogers has satisfied his burden at this stage of the litigation of identifying a municipal policy. With respect to plaintiff's First Amendment claim, Charron admits in his affidavit that the telephone restrictions of which Rogers complains were pursuant to Rockingham County policy. See Charron Affidavit ¶ 8 (attached to defendant's memorandum). In short, this is not a case where Rogers is seeking to hold Rockingham County liable simply for employing a tortfeasor.

Defendant Charron seeks summary judgment on the ground of qualified immunity under Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982), which held that "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." The Court elaborated further in Anderson v. Creighton, 483 U.S. 635, 640 (1987):

> The contours of the right must be sufficiently
> clear that a reasonable official would understand
> that what he is doing violates that right. This
> is not to say that an official action is protected
> by qualified immunity unless the very action in
> question has previously been held unlawful, but it

6

> is to say that in the light of pre-existing law the unlawfulness must be apparent.

(Citation omitted.) In light of this district's decision in Laaman, supra, 437 F. Supp. 269, a reasonable official would understand that depriving Rogers of an opportunity to exercise violated his clearly established constitutional rights. Likewise, in light of the Court's opinion in Turner, supra, 482 U.S. at 84, the unlawfulness of unjustified restrictions on Rogers' use of the telephone was apparent. In short, taking plaintiff's allegations as true, Charron should have known that his conduct violated Rogers' clearly established constitutional rights. Qualified immunity is therefore inappropriate.

The court will now consider Rogers' motion for summary judgment on his exercise claim in Count II. This is a close call, because defendants have submitted practically no evidence concerning the issue of reasonable exercise opportunities provided to Rogers (except Charron's irrelevant claim that Rogers was not denied exercise for punitive reasons). Nonetheless, Rogers' evidence pertains to the denial of outdoor exercise, and as long as inmates receive reasonable exercise opportunities, it does not have to be outdoor exercise. Thus there remains a disputed issue of fact whether Rogers was provided reasonable exercise opportunities.

## Conclusion

For the foregoing reasons, plaintiff's motion for summary judgment (document 78) is denied. The Rockingham County

7

defendants' motion for summary judgment (document 49) is granted as to Counts I, VII, VIII, IX, X, XI, XII, XIII, and is denied as to Counts II and XIV.

     SO ORDERED.


                                            _____
                                            Shane Devine, Senior Judge
                                            United States District Court

July 23, 1998

cc:   Charles F. Rogers, pro se
       Dyana J. Crahan, Esq.
       Cynthia L. Fallon, Esq.