Floyd **THIBODEAUX**, Appellant,

v.

**STATE OF SOUTH DAKOTA et al., Appellee.**

No. 76–1740.

United States Court of Appeals, Eighth Circuit.

Submitted March 17, 1977.

Decided April 12, 1977.

William P. Fuller, Sioux Falls, S.D., for appellant.

Peter H. Lieberman, Asst. Atty. Gen., Pierre, S.D., for appellee; William J. Janklow, Atty. Gen., Pierre, S.D., on brief.

Before GIBSON, Chief Judge, and WEBSTER and HENLEY, Circuit Judges.

GIBSON, Chief Judge.

Floyd Thibodeaux, an inmate at the South Dakota State Penitentiary, contends in his pro se civil rights complaint that prison officials at the penitentiary abridged his constitutional rights by refusing to allow him to receive a magazine entitled "Mature". The sole issue on this appeal concerns the propriety of the District Court's summary dismissal of Thibodeaux's complaint.

In November, 1975, prison personnel advised Thibodeaux that a "Mature" magazine had arrived at the facility addressed to him. However, officials refused to deliver the magazine to Thibodeaux until it had been approved by a three-member prison censorship board. At a hearing before the censorship board, Thibodeaux appeared personally and expressed the view that the board should approve "Mature" because other magazines featuring nudity were allowed in the prison. The board, unpersuaded by this argument, refused to release "Mature" for the following reasons:

> The Board is of the opinion the magazine has absolutely no rehabilitative value. It is nothing more than a "club" magazine advertising [*sic*] "gay life, swinging, swapping, S & M, AC-DC, and discipline." It has dozens of nude pictures with advertizements [*sic*] printed next to them.

Thibodeaux thereafter filed a civil rights complaint[1] contending, *inter alia*, that the censorship board's decision infringed upon his First Amendment rights. The District Court dismissed the complaint without requesting defendants to respond to Thibodeaux's allegations, without conducting a hearing and without viewing the contents of "Mature". The District Court was convinced that this court's decision in *Carpenter v. South Dakota*, 536 F.2d 759 (8th Cir. 1976), compelled the summary dismissal of Thibodeaux's petition.

■ *Carpenter* involved a previous attempt by the South Dakota Penitentiary to exercise some control over the flow of sexu-

ally explicit publications into the prison. In *Carpenter*, the prison censorship board had refused to release various sexually explicit materials to prisoners and had rendered detailed factual findings to support its decision. The board found that some of the material was detrimental to prisoner rehabilitation, some would encourage deviate sexual behavior and some was pornographic and appealed only to prurient interests. *Carpenter v. South Dakota, supra* at 762. The aggrieved inmates in *Carpenter* sought relief in federal court but their complaint was dismissed by the district court without a hearing or a request for a responsive pleading from defendants. A divided panel of this court affirmed the summary dismissal. The majority ruled that the inmates' complaint and the detailed findings of the censorship board were sufficient to rebut the inmates' allegation that the withheld material did not constitute a clear and present danger to the security, order and rehabilitation of the penal institution. 536 F.2d at 763.

■ We do not perceive *Carpenter* as dispositive of the instant case. Here, the censorship board did not make a finding that release of "Mature" would be detrimental to the rehabilitative aims of the prison. The board cryptically concluded that "Mature" has no rehabilitative value. *Carpenter* does not give prison officials unqualified authority to administratively suppress the dissemination of published materials to inmates merely because the materials do not advance the rehabilitative goals of the penal institution. Rather, *Carpenter* allowed censorship of the materials involved in that case on the basis of a supportable finding by the censorship board that release of the materials "would have a detrimental effect upon rehabilitation * * *." 536 F.2d at 763. The lack of a similar finding in this case takes this case beyond the scope of *Carpenter* and convinces us that summary dismissal of Thibodeaux's petition was premature and unwarranted. Since we are dealing with sensitive First Amendment

---

1. Thibodeaux's petition is captioned as an application for habeas corpus relief. However, this action has been properly treated as one arising under 42 U.S.C. § 1983.

rights, the prison officials carry the burden of proving the need for censorship, *Carpenter v. South Dakota, supra* at 762, and, on the basis of the present ambiguous record, they have not discharged that burden.

 An additional reason for reversing this case is that the censorship board failed to comply with the censorship policies at the South Dakota Penitentiary. Pursuant to a district court order of January 29, 1975, the South Dakota Board of Charities and Corrections adopted censorship policies and procedures in accordance with the following guidelines:

> *Censorship.* Penitentiary officials may not censor any publication or portion thereof unless it presents a clear and present danger to security, order and rehabilitation. Notice of censorship or disapproval of any publication shall be given the inmate addressee, who may request a hearing for the purpose of determining the existence of any foregoing governmental interest of security, order or rehabilitation.

Viewed in light of these guidelines, the censorship board's findings in this case are deficient. The board's findings do not specify that release of "Mature" would present a clear and present danger to security, order and rehabilitation at the South Dakota Penitentiary. The board simply stated that "Mature" possessed no rehabilitative value. This finding fails to meet the more stringent standard embodied in the censorship guidelines.

We, therefore, reverse the judgment of the District Court and remand for further proceedings. The District Court may, in its discretion, choose to remand the case to the censorship board for an amplification of the record and a determination of the actual effect, if any, that release of "Mature" may have upon institutional security, order and rehabilitation.

2. As previously indicated, Thibodeaux claims that similar nude magazines are being distributed to other inmates in the South Dakota Penitentiary. This type of claim was not advanced by petitioners in *Carpenter* and it should be subjected to some scrutiny by the

Our disposition of this matter is not to be viewed as an erosion of the principles in *Carpenter,* nor does it diminish the authority of prison officials to censor those materials which deleteriously affect the security, order and rehabilitative efforts of penal institutions. Our holding is simply that the District Court's summary dismissal of Thibodeaux's complaint was unwarranted in light of the ambiguous and deficient findings of the prison censorship board.[2]

Reversed and remanded.

District Court and, if necessary, by the censorship board. If other magazines generically similar to "Mature" are being distributed with the knowledge and consent of the censorship board, Thibodeaux's constitutional claims become more viable.