**James Ray MOORE, Appellant,**

v.

**Harold CLARKE, Gary Grammer, and Frank O. Gunter, Appellees.**

No. 86–1996.

United States Court of Appeals, Eighth Circuit.

Submitted April 14, 1987.

Decided June 26, 1987.

Roy Sheaff, Lincoln, Neb., for appellant.

Susan M. Ugai, Asst. Atty. Gen., Lincoln, Neb., for appellees.

Before LAY, Chief Judge, ARNOLD and WOLLMAN, Circuit Judges.

ARNOLD, Circuit Judge.

This is an action under 42 U.S.C. § 1983 brought by James Ray Moore, a prisoner in the Nebraska State Penitentiary, against three prison administrators, Harold Clarke, an Associate Warden, Gary Grammer, the Warden, and Frank O. Gunter, Director of the Nebraska Department of Corrections.[1] The District Court dismissed the complaint for failure to state a claim under Fed.R. Civ.P. 12(b)(6). We hold that the complaint is not so deficient as to satisfy the strict standards laid down by the Supreme Court for dismissal on their face of pleadings filed by *pro se* litigants, and therefore reverse and remand for further proceedings.

The complaint alleges that the defendants, acting as overall administrators of the Nebraska State Penitentiary, have disbanded the prison's boxing program, which had been set up with funds out of the "inmate's ... welfare fund account." Complaint ¶ 1, Designated Record (D.R.) 3. This action, according to the complaint, was based on racial discrimination. It is claimed that almost all participants in the boxing program were black, including plaintiffs and boxers who had been coming in from outside the prison. The District Court, describing the complaint as speculative and conclusory, held that no claim had been stated. Only "bald assertions" had

---

1. Eddie Greer and Eugene Hunt were also plaintiffs in the District Court, but only James Ray Moore has appealed.

been made, the Court said. "Plaintiffs' complaint ... contains no specific facts by which it can be inferred that the action of terminating the boxing program at the penitentiary was in any way racially motivated." The Court also observed that no specific actions taken by any of the named defendants had been described, and gave this asserted deficiency as an additional ground for dismissal. *James Ray Moore v. Harold Clarke*, No. CV86–L–413 (D.Neb. July 8, 1986), slip op. 2 (order of United States Magistrate).

We believe this analysis is inconsistent with principles laid down by the Supreme Court in *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972) (per curiam). There, an inmate at the Illinois State Penitentiary filed a *pro se* complaint including "general allegations of physical injuries suffered while in disciplinary confinement and denial of due process in the steps leading to that confinement." *Id.* at 520, 92 S.Ct. at 595. The Supreme Court held that it was error to dismiss such a complaint under Fed.R.Civ.P. 12(b)(6). The Court said:

> ... allegations such as those asserted by petitioner, however inartfully pleaded, are sufficient to call for the opportunity to offer supporting evidence. We cannot say with assurance that under the allegations of the *pro se* complaint, which we hold to less stringent standards than formal pleadings drafted by lawyers, it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46 [78 S.Ct. 99, 102, 2 L.Ed.2d 80] (1957).

404 U.S. at 520–21, 92 S.Ct. at 596.

To be sure, a complaint that contains merely a legal conclusion is, in some circumstances, subject to dismissal as insufficient on its face. But when measured by the *Haines* standard, the present complaint is not so lacking. Though couched in general terms, it alleges facts: that the three named defendants, who have administrative supervision over the Nebraska State Penitentiary, have discontinued a boxing program in order to discriminate against black inmates. We do not agree with the Magistrate's statement that such a complaint fails to allege specific actions being taken by each defendant. On the contrary, it alleges that all three defendants took a specific action: they discontinued the boxing program on account of racial animus. The complaint goes beyond this, moreover, and adds that most of the participants in the prison boxing program had been black, and that the defendants stated no reason for having taken their action.

We hold that these allegations are sufficient merely as a matter of pleading, which is the only question presented by this appeal. It is true that they are sketchy, but the whole spirit of the Federal Rules of Civil Procedure is to discourage the pleading of evidence, and, in addition, it is hard to see what additional allegations plaintiffs could have been expected to include, absent some kind of guilty admission on the part of defendants. A complaint in a Title VII employment-discrimination case, to take a close analogy, commonly alleges simply that a plaintiff has been, for example, discharged because of his race. Whether such an allegation is true and can be proved is left to the further development of the case.

This does not mean that an inmate who files a legally sufficient pleading is guaranteed a trial of the facts. Defendants in this case have not yet answered the complaint. We do not know what reason they will assert for having discontinued the boxing program, if indeed it was discontinued. We do not know what proof, by way of affidavits or otherwise, might be adduced in support of a motion for summary judgment. We hold only that the complaint should not have been dismissed out of hand for failure to state a claim.

Reversed and remanded for further proceedings consistent with this opinion.

LAY, Chief Judge, concurring.

I reluctantly agree that the pro se pleading sets forth a possible basis for judicial relief under § 1983. This is so because complainants allege that authorities are

practicing a form of "racial discrimination" at the prison. I respectfully submit that the issue is not, as Judge Wollman states, whether there exists a constitutional right to have a boxing program at the prison. Clearly there is no such constitutional right. The internal policies of correctional authorities regarding prison programs are within the officials' discretion and are not of judicial concern so long as no form of racial discrimination is practiced in their implementation. *See Procunier v. Martinez,* 416 U.S. 396, 404–05, 94 S.Ct. 1800, 1807, 40 L.Ed.2d 224 (1974).

While liberal construction of pro se pleadings under *Haines* does not allow the filing of frivolous suits, allegations of racial discrimination should not be ignored, and courts must be cautious in rejecting such complaints out of hand. I suggest that on remand the magistrate require the parties to file cross-motions for summary judgment and to file affidavits setting forth the factual support, if any exists, for the racial discrimination alleged. If factual support is lacking, then the district court should dismiss the case without proceeding further.

WOLLMAN, Circuit Judge, concurring.

I join in the majority opinion only because, as Judge Arnold points out, defendants have not yet filed a motion for summary judgment. When defendants do so, plaintiffs will be required to establish their claim of a constitutional right not to have the boxing program discontinued, a question that I do not read the majority opinion as deciding. When viewed solely from the standpoint of its factual specificity, the complaint passes muster (barely) under *Haines*—and that is all we need decide here.