James Lester **VALIANT–BEY,**
Appellant,

v.

Terry D. **MORRIS, Correctional Officer McGrinley, Correctional Officer Holmes, Correctional Officer Pemberton, Correctional Officer Shuck, and Missouri Training Center for Men, Appellees.**

No. 86–2071.

United States Court of Appeals,
Eighth Circuit.

Submitted March 6, 1987.
Decided Sept. 29, 1987.

---

James Lester Valiant-Bey, pro se.

Victorine R. Mahon, Asst. Atty. Gen., Jefferson City, Mo., for appellees.

Before McMILLIAN, ARNOLD and BOWMAN, Circuit Judges.

McMILLIAN, Circuit Judge.

James Lester Valiant-Bey appeals from a final order entered in the District Court for the Eastern District of Missouri dismissing his *pro se* civil rights complaint for failure to state a claim upon which relief could be granted pursuant to Fed.R.Civ.P. 12(b)(6). For reversal appellant argues the district court erred in dismissing his complaint for failure to state a claim that, if proved, would entitle him to relief. For the reasons discussed below, we affirm in part, reverse in part and remand the case to the district court for further proceedings.

In May 1985 appellant, then a prisoner at the Missouri Training Center for Men[1], filed this *pro se* 42 U.S.C. § 1983 action against the superintendent of the prison, an unnamed mailroom supervisor, and three correctional officers, alleging certain inmate mail practices violated his first and fourteenth amendment rights. Specifically, appellant alleged that (1) in February 1985 prison officials wrongfully confiscated a memorandum (hereinafter referred to as the Temple memorandum) mailed to him by the leader of the local chapter of the Moorish Science Temple of America, a religious organization; (2) prison officials handled and delivered mail from the Moorish Science Temple in a manner that discriminated on the basis of race and religion; and (3) the prison mail policy, Missouri Department of Corrections and Human Resources Regulation CSR 118.010(2)(B),[2] is unconstitutionally overbroad. Appellant sought injunctive and declaratory relief and compensatory damages.

The action was referred to a magistrate. The magistrate granted appellant leave to proceed in forma pauperis. Appellees waived service of process and filed a motion to dismiss for failure to state a claim

1. Since filing this action, appellant has been transferred twice and at this time is currently assigned to the Topeka Work Release Center in Topeka, Kansas.

2. As set forth in appellant's complaint, CSR 118.101(2)(B) provides in part that
[r]egular incoming mail will be opened in the mailroom and inspected for unauthorized articles and substances and money orders. All incoming mail will be subjected to examination for threats to institutional security or to the safety of employees or inmates and evidence of illegal activity when there is probable cause to justify the examination. Unauthorized articles or substances will be confiscated, and a written notice of the confiscated items placed in the correspondence delivered to the inmate.

upon which relief could be granted pursuant to Fed.R.Civ.P. 12(b)(6) or in the alternative to reconsider the granting of leave to proceed in forma pauperis. The district court adopted the report and recommendation of the magistrate and dismissed the complaint without prejudice for failure to state a claim. *Valiant-Bey v. Morris,* (E.D.Mo. June 18, 1986) (order).

The district court found that (1) appellant's claims for injunctive relief were moot because he had been transferred out of the state to a prison in Kansas; (2) appellant lacked standing to assert claims for relief on behalf of other prisoners; (3) prison officials could open and inspect non-privileged prisoner mail for contraband; (4) because delivery of appellant's mail had been delayed for only two days, the delay was not unreasonable; and (5) prison officials lawfully confiscated the Temple memorandum because it contained inflammatory material that threatened institutional security and the safety of employees and prisoners. This *pro se* appeal followed.[3]

In evaluating a motion to dismiss for failure to state a claim upon which relief could be granted under Fed.R.Civ.P. 12(b)(6), a *pro se* complaint must be liberally construed and a court should not dismiss the complaint "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his [or her] claim which would entitle him [or her] to relief." *Holloway v. Lockhart,* 792 F.2d 760, 761–62 (8th Cir.1986), *citing Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957); *see, e.g., Moore v. Clarke,* 821 F.2d 518, 519 (8th Cir.1987), *citing Haines v. Kerner,* 404 U.S. 519, 520–21, 92 S.Ct. 594, 595–96, 30 L.Ed.2d 652 (1972) (per curiam). The court must presume that the factual allegations in the complaint are true and accord all reasonable inferences from those facts to the party opposing the motion to dismiss. *Hol-*

*loway v. Lockhart,* 792 F.2d at 762. Although courts are reluctant to interfere with prison administration, allegations of deprivation of first amendment rights must be scrutinized carefully, and even conclusory allegations of constitutional violations may be held sufficient as a matter of pleading to call for the offering of supporting evidence. *See Carpenter v. South Dakota,* 536 F.2d 759, 763 (8th Cir.1976), *cert. denied,* 431 U.S. 931, 97 S.Ct. 2636, 53 L.Ed.2d 246 (1977); *see also Moore v. Clarke,* 821 F.2d at 519 (racial discrimination).

Censorship of prisoner mail is constitutionally justified if (1) the regulation or practice furthers "an important or substantial governmental interest unrelated to the suppression of expression," such as institutional security, and (2) "the limitation of First Amendment freedoms must be no greater than is necessary or essential to the protection of the particular governmental interest involved." *Procunier v. Martinez,* 416 U.S. 396, 413, 94 S.Ct. 1800, 1811, 40 L.Ed.2d 224 (1974); *see, e.g., Wiggins v. Sargent,* 753 F.2d 663, 667 (8th Cir.1985). Further, prison officials carry the burden of establishing the need for censorship, *Thibodeaux v. South Dakota,* 553 F.2d 558, 559–60 (8th Cir.1977), and the decision to censor or withhold delivery of a particular piece of prisoner mail must be accompanied by certain minimum procedural safeguards. *Procunier v. Martinez,* 416 U.S. at 417–19,[4] 94 S.Ct. at 1814.

Applying these standards to the present complaint, we conclude that the district court did not err in dismissing appellant's overbreadth claim. We agree with the district court that the prisoner mail policy is not unconstitutionally overbroad. The policy expressly requires that any censorship of prisoner mail must be justified on the basis of institutional security and the safety of employees and prison-

---

**3.** Appellant does not challenge on appeal the district court's determination that his claims for injunctive relief were moot or that he lacked standing to assert the constitutional claims of other prisoners.

**4.** The prisoner should "be notified of the rejection of a letter written by or addressed to him [or her], ... the author of that letter [should] be

given a reasonable opportunity to protest that decision, and ... complaints [should] be referred to a prison official other than the person who originally disapproved the correspondence." *Procunier v. Martinez,* 416 U.S. 396, 418–19, 94 S.Ct. 1800, 1814, 40 L.Ed.2d 224 (1974).

ers. These reasons correspond to the substantial governmental interests recognized by the Supreme Court in *Procunier v. Martinez*, 416 U.S. at 412, 94 S.Ct. at 1811.

■ We hold the district court erred in dismissing appellant's claims that (1) prison officials wrongfully confiscated the Temple memorandum and did not follow minimum procedural safeguards in doing so and (2) prison officials handled and delayed delivery[5] of mail from the Moorish Science Temple in a manner that discriminated on the basis of race and religion. These claims were legally sufficient as a matter of pleading. *Haines v. Kerner*, 404 U.S. at 520–21, 92 S.Ct. at 595–96; *Moore v. Clarke*, 821 F.2d at 519. Read liberally, appellant's complaint alleged that prison officials wrongfully confiscated the Temple memorandum even though, according to appellant, the Temple memorandum was factual,[6] contained information that had already been widely reported in the commercial news media, and, contrary to appellees' characterization, was not inflammatory and did not encourage or threaten violence.[7] The complaint also sufficiently alleged that although appellee Morris made the original decision to confiscate the Temple memorandum, appellant's complaint was not referred to another prison official for review, contrary to the minimum procedural requirements set forth in *Procunier v. Martinez*, 416 U.S. at 418–19, 94 S.Ct. at 1814. We also hold that appellant's claim that prison officials singled out prisoner mail sent by the Moorish Science Temple for special handling stated a claim of racial and religious discrimination. Appellant alleged that prison officials intercepted, inspected and deliberately delayed delivery of mail from the Moorish Science Temple but did

not similarly handle the mail from other religious organizations.

Our holding does not mean that appellant is necessarily entitled to a trial of the facts and we express no opinion on the possible merits of appellant's claims. At this stage, appellees have not filed an answer. We suggest on remand that the district court, or the magistrate, require the parties to file cross-motions for summary judgment and affidavits setting forth the factual support for and against appellant's claims.

Accordingly, we affirm in part and reverse in part and remand the case to the district court for further proceedings.

---

**5.** Absent claims of intentional delay, *Bryan v. Werner*, 516 F.2d 233, 238 (3d Cir.1975), mere delay in delivery of prisoner mail, especially any delay that occurs over the weekend, is not unreasonable and thus fails to raise a constitutional question. "These are de minimis delays unavoidable in any large institution." *Owen v. Shuler*, 466 F.Supp. 5, 7 (N.D.Ind.1977), *aff'd mem.*, 594 F.2d 867 (7th Cir.1979).

Nor can appellant premise a 42 U.S.C. § 1983 action on prison officials' failure to deliver prisoner mail within 24 hours of receipt by the institution as required by the state regulation,

CSR 118.010(2)(E). *E.g., Schwindling v. Smith*, 777 F.2d 431, 432 (8th Cir.1985).

**6.** "Prison officials may not censor inmate correspondence simply to eliminate unflattering or unwelcome opinions or factually inaccurate statements." *Procunier v. Martinez*, 416 U.S. at 413, 94 S.Ct. at 1811.

**7.** On remand, confiscation of the Temple memorandum should be held justified if prison officials reasonably thought that it would encourage violence.