919 F.2d 1304
 Michael Joseph FALLON, Appellant,
v.
A.L. LOCKHART, Director, Arkansas Department of Correction;
Bill Clinton, Governor; W.H. Sargent, Warden, Cummins Unit;
William M. Stricklin, Chairman; Jerry Gasaway; Robert
Clark, ADC Publications Review Committee; James L. Mason,
Chairman; Morris H. Dreher; David C. McClinton; Hezekiah
D. Stewart, Jr., Rev.; Henry Oliver; Mike Gaines; Larry
Morris, Arkansas Department of Correction Board, Appellees.
 No. 90-2441.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Oct. 18, 1990.
Decided Nov. 26, 1990.
 
 Michael Joseph Fallon, appellant pro se.
 Appellees were not represented by counsel.
 Before McMILLIAN, WOLLMAN and BEAM, Circuit Judges.
 PER CURIAM.
 
 
 1
 Michael J. Fallon, an Arkansas inmate, appeals from the district court's[1] judgment dismissing as legally frivolous his 42 U.S.C. Sec. 1983 action prior to service of process. Concluding that no error of law appears in the record, we affirm on the basis of the district court's order, which adopted the magistrate's[2] findings and recommendation. See 8th Cir. Rule 47B.
 
 
 2
 McMILLIAN, Circuit Judge, dissenting.
 
 
 3
 I respectfully dissent. Fallon alleged that prison officials violated his first and fourteenth amendment rights when they twice withheld from his mail publications sent to him by the Church of Jesus Christ Christian. Officials notified Fallon that the materials were withheld because they promoted Aryan views, contained racial statements, and degraded other religions, and thereby threatened the good order and security of the institution.
 
 
 4
 Although prison officials have broad discretion to ban incoming publications that threaten institutional security, see Thornburgh v. Abbott, 490 U.S. 401, 109 S.Ct. 1874, 1881, 104 L.Ed.2d 459 (1989), "allegations of deprivation of first amendment rights must be scrutinized carefully, and even conclusory allegations of constitutional violations may be held sufficient as a matter of pleading to call for the offering of supporting evidence." Valiant-Bey v. Morris, 829 F.2d 1441, 1443 (8th Cir.1987). In my view, judicial deference to prison officials' decisions on these matters does not end all inquiry into the reasonableness of their application of prison regulations. See Thornburgh, 109 S.Ct. at 1883 n. 15, 1885 (case remanded for examination of validity of regulations as applied to 46 rejected publications).
 
 
 5
 Therefore, I believe Fallon's complaint did have an arguable basis in fact and in law, and that the district court erred in dismissing the complaint as legally frivolous. See Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); see also Travis v. Norris, 805 F.2d 806, 808-09 (8th Cir.1986) (withholding of prisoner's magazine upheld after review of content). Accordingly, I would reverse and remand this case for further proceedings.
 
 
 
 [1]
 The Honorable Stephen M. Reasoner, United States District Judge for the Eastern District of Arkansas
 
 
 [2]
 The Honorable John F. Forster, Jr., United States Magistrate for the Eastern District of Arkansas