**Gregory J. McMASTER, Appellant,**

**v.**

**Orville PUNG, Commissioner, Minnesota Department of Corrections; Frank W. Wood, Warden, Minnesota Correctional Facility—Oak Park Heights; David Crist, Assistant to the Warden, Minnesota Correctional Facility—Oak Park Heights; Dennis Benson, Associate Warden, Minnesota Correctional Facility—Oak Park Heights; Richard Hagelberger, Due Process Prosecutor, Minnesota Correctional Facility—Oak Park Heights; Sheila Johnson, Officer, Minnesota Correctional Facility—Oak Park Heights; Harold Hansen, Hearing Officer, Minnesota Department of Corrections; James Ryan, Hearing Officer, Minnesota Department of Corrections; Mike Green, Caseworker, Minnesota Correctional Facility—Oak Park**

Heights; Steve Lydon, Head of Internal Affairs, Minnesota Correctional Facility—Oak Park Heights; Penny Karasch, Mail Room Supervisor, Minnesota Correctional Facility—Oak Park Heights, in their individual and official capacities, Appellees.

No. 92–1625.

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 12, 1992.

Decided Jan. 29, 1993.

Jack S. Nordby, Minneapolis, MN, argued (John R. Wylde, on brief), for appellant.

M. Jacqueline Regis, St. Paul, MN, argued (Hubert H. Humphrey, III, on brief), for appellees.

Before McMILLIAN and MORRIS SHEPPARD ARNOLD, Circuit Judges, and BENSON,[*] Senior District Judge.

McMILLIAN, Circuit Judge.

Gregory J. McMaster appeals from a final order entered in the District Court[1] for the District of Minnesota granting summary judgment in favor of Minnesota Department of Corrections officials in his 42 U.S.C. § 1983 civil rights action. *McMaster v. Pung*, No. 4-91-236 (D.Minn. Feb. 24, 1992) (order). Appellant alleged violations of his constitutional rights to due process, assistance of counsel and access to the courts. The district court found that no genuine issue of material fact existed because none of appellant's due process or Sixth Amendment rights were violated by the prison officials. Appellant argues that in granting summary judgment in favor of appellees, the district court ignored numerous documented and relevant facts. For the reasons discussed below, we affirm the order of the district court.

Appellant is an inmate currently incarcerated in the Minnesota Correctional Facility at Oak Park Heights (MCF-OPH), where he is serving a life sentence for the murder of a police officer. Appellant's wife had an intimate relationship with appellee Correctional Officer Sheila Johnson prior to Johnson's employment at MCF-OPH. Appellant was aware of his wife's relationship with Johnson. On October 19, 1990, appellant approached Johnson and asked her to cover up a planned sexual encounter between appellant and his female attorney. Johnson indicated to appel-

---

[*] The Honorable Paul Benson, Senior United States District Judge for the District of North Dakota, sitting by designation.

[1.] The Honorable James M. Rosenbaum, United States District Judge for the District of Minneso-

ta. The case was referred to the Honorable J. Earl Cudd, United States Magistrate Judge for the District of Minnesota, pursuant to 28 U.S.C. § 636(b).

lant that she was not scheduled to be on duty during appellant's planned liaison with his female attorney and that she would report any such activity. Appellant made reference to his wife's relationship with Johnson and threatened Johnson not to say anything and to make sure she was on duty.

On October 23, 1990, one of appellant's attorneys visited him at MCF–OPH in her role as his attorney in a private room provided for attorney-client meetings. Because Johnson had reported her conversation with appellant to prison authorities, correctional officers maintained covert surveillance of the meeting room. After the correctional officers observed appellant and his attorney engage in sexual activity, they entered the room, and removed appellant. The Department of Corrections thereafter barred the female attorney from MCF–OPH for six months for threatening the security of the institution. Disciplinary proceedings were brought against appellant; he was charged with disobeying a direct order, extortion, threatening others, and planned sexual misconduct. Appellant pled guilty to the planned sexual misconduct charge and a disciplinary hearing was scheduled on the remaining charges.

During the investigation, correctional officials restricted appellant's legal correspondence with the female attorney: all legal mail to or from the female attorney would be inspected for contraband in appellant's presence. On one occasion, an envelope marked "legal mail" from appellant to his female attorney was intercepted and opened in appellant's presence. A birthday card was seized as contraband and the rest of the material was mailed.

As part of the institution's investigation, appellant requested a tape-recorded interview which he had given the appellees. During the interview, appellant made many allegations regarding Johnson which required further investigation. Appellant requested that his wife be permitted to testify on his behalf at the disciplinary hearing. The hearing officers did not allow appellant's wife to testify in person, but they did allow her to submit an affidavit supporting appellant. Appellant's disciplinary hearing was held on December 12, 1990, and he was found guilty. Appellant appealed the decision of the hearing officers to the warden, who affirmed the hearing officers' decision.

On April 4, 1991, appellant filed a complaint under 42 U.S.C. § 1983 in federal district court alleging violation of his constitutional rights to due process, assistance of counsel, and access to the courts by Minnesota correctional officials, arising from the restriction on his privileged mail between him and his female attorney, the denial of the right to present witnesses on his own behalf at the disciplinary hearing, the denial of access to prison records for use at the disciplinary hearing, and the denial of the right to an impartial hearing board and appeal. The district court referred the case to United States Magistrate Judge J. Earl Cudd. On December 27, 1991, Magistrate Judge Cudd filed a Report and Recommendation recommending that appellees' motion for summary judgment be granted and appellant's amended complaint be dismissed because appellant's claims were conclusory, did not involve genuine issues of material fact, and did not state a claim for which relief can be granted. On February 25, 1992, the district court adopted the magistrate judge's Report and Recommendation and granted appellees' motion for summary judgment. This appeal followed.

■ For reversal, appellant argues that the district court erred in granting summary judgment because there are genuine issues of material fact in dispute regarding his disciplinary hearing. He argues that appellees did not allow him to present witnesses, denied him access to prison records and denied him an impartial hearing board and appeal. Appellant also argues that appellees violated his Sixth Amendment rights by banning contact visits with his female attorney and violated his Fourteenth Amendment due process rights by inspecting his legal mail. We review the order of summary judgment de novo and adopt the standards employed by the district court. *See Schrader v. Royal Caribbean Cruise Line, Inc.,* 952 F.2d 1008,

1013 (8th Cir.1991). The standard for reviewing summary judgment orders is well established:

> Summary judgment is appropriate when no genuine issue of material fact exists and the movant is entitled to judgment as a matter of law. In order to preclude the entry of summary judgment, it is incumbent upon the nonmoving party to make a sufficient showing on every essential element of its case on which it bears the burden of proof. In determining whether the grant of a motion for summary judgment is appropriate in a particular case, the evidence must be viewed in the light most favorable to the nonmoving party.

*Osborn v. E.F. Hutton & Co.*, 853 F.2d 616, 618 (8th Cir.1988) (citations omitted).

## DENIAL OF RIGHT TO CALL WITNESSES

■ Appellant argues that appellees' refusal to allow his wife to testify in person at his disciplinary hearing violated his due process rights. We agree with the district court that correctional officers had reason to believe that appellant was an escape risk and that the presence of his wife inside the prison posed a security risk. While an inmate is normally entitled to present witnesses at a disciplinary hearing, that right must be balanced against the legitimate needs of the prison, including the prevention of undue security risks. *Wolff v. McDonnell*, 418 U.S. 539, 566, 94 S.Ct. 2963, 2979, 41 L.Ed.2d 935 (1974). Therefore, the exclusion of appellant's wife from the disciplinary hearing did not violate appellant's constitutional rights. Moreover, we note that her testimony was submitted to the hearing board by affidavit.

## ACCESS TO THE TAPE–RECORDED INVESTIGATORY INTERVIEW

■ Appellant argues that appellees' refusal to provide his counsel with a copy of the taped interview violated his due process rights.[2] We agree with the district court that appellant failed to allege that he suffered any prejudice or injury as result of the refusal to provide his counsel with a copy of the tape. Appellant was free to discuss the interview with his attorney and the tape was not introduced into evidence during appellant's disciplinary hearing.

## IMPARTIAL HEARING BOARD AND APPEAL

■ Appellant argues that his due process rights were violated because he asserts that correctional officers Hansen, Ryan, and Wood, who served on the hearing board, were biased against him. Appellant contends that the hearing board failed to maintain its impartiality and manipulated the outcome by meeting and discussing the proceeding with Johnson and the warden. Appellant argues this bias denied him an impartial hearing and appeal.

The district court found appellant's claim of bias was entirely conclusory and without merit. Appellant provided no factual basis for his claim of "bias" on the part any of the hearing officers. None of the hearing officers was involved in the underlying incident. Therefore, we agree with the district court that appellant did not establish a claim of denial of an impartial hearing or appeal because the hearing officers were biased against him.

## SIXTH AMENDMENT CLAIM

■ Appellant argues his Sixth Amendment rights to effective assistance of counsel were violated by the ban on contact visits with his female attorney and restrictions on his use of the telephone while he was in administrative segregation. The district court found that because appellant was being disciplined for his intimate contact with his female attorney, his Sixth

---

**2.** Charges made by appellant against Johnson during the tape-recorded interview required further investigation. The tape was turned over to MCF–OPH's Internal Affairs Special Investigator. An internal affairs investigation was conducted and the tape became part of the confidential data pursuant to Minn.Stat. § 13.39 until that investigation was completed. The tape also contained private personnel data protected under Minn.Stat. § 13.43. Based on the investigation by internal affairs, the tape could not be released under Minnesota law until the investigation was complete.

Amendment rights were not implicated. We agree. While prisoners have a general right to consult with their legal counsel, that right is not absolute and correctional officials may prohibit disruptive attorneys from their institutions. *See Lynott v. Henderson*, 610 F.2d 340, 342 n. 1 (5th Cir.1980); *Cruz v. Beto*, 603 F.2d 1178, 1185 (5th Cir.1979).

Appellant was not denied access to legal counsel. He was allowed telephonic contact and consultation through the mails with his female attorney when he was not in administrative segregation. Limitations imposed on appellant while he was in administrative segregation did not violate appellant's Sixth Amendment rights. *See Benzel v. Grammer*, 869 F.2d 1105, 1108 (8th Cir.1989). Prison officials may restrict a prisoner's telephone privileges in a reasonable manner. *Id.* Moreover, in addition to his female attorney, appellant was represented at all times by another (male) attorney and appellees did not restrict appellant's contact visits with him.

## INTERFERENCE WITH LEGAL MAIL

Appellant alleged that the inspection of his legal mail by correctional officers violated his constitutional rights. The district court disagreed because the inspection of privileged mail by prison officials does not violate any constitutional right when officials open and inspect the mail in the inmate's presence. *See Wolff v. McDonnell*, 418 U.S. at 576–77, 94 S.Ct. at 2985. We agree. Prison officials may institute a policy of censoring or withholding certain types of mail if:

> (1) the regulation or practice furthers "an important or substantial government interest unrelated to the suppression of expression," such as institutional security, and (2) "the limitation of First Amendment freedoms must be no greater than is necessary or essential to the protection of the particular governmental interest involved."

*Valiant–Bey v. Morris*, 829 F.2d 1441, 1443 (8th Cir.1987).

After applying the above principles, we agree with the district court's finding that appellant's female attorney was a threat to the security and orderly administration of MCF–OPH. As such, correctional officers were justified in inspecting appellant's legal mail to and from the female attorney in his presence.

## ACCESS TO THE COURTS

Appellant also contends that the cumulative effect of the ban on contact visits with his female attorney, the mail restrictions, and the restrictions on his telephone privileges while in administrative segregation denied him access to the courts. Prison officials may not deny or obstruct an inmate's access to the courts to present a claim. *See Bounds v. Smith*, 430 U.S. 817, 821, 97 S.Ct. 1491, 1494, 52 L.Ed.2d 72 (1977); *Johnson v. Avery*, 393 U.S. 483, 485, 89 S.Ct. 747, 748, 21 L.Ed.2d 718 (1969). In order to state a claim an inmate must make some showing of prejudice or actual injury as a result of the prison officials' conduct. *See Sands v. Lewis*, 886 F.2d 1166, 1171 (9th Cir.1989); *Peterkin v. Jeffes*, 855 F.2d 1021, 1041 (3d Cir.1988). Appellant made no showing that he was in fact denied access to the courts or that he was prejudiced by prison officials' actions.

Accordingly, we affirm the order of the district court.