Willie BLACKMON, Plaintiff,

v.

John ESSARY, Defendant.

No. 4:93CV01589 GFG.

United States District Court,
E.D. Missouri, E.D.

April 29, 1994.

Willie Blackmon, pro se.

Deborah Bell Yates, Asst. Atty. Gen., St. Louis, MO, for defendant.

## MEMORANDUM AND ORDER

GUNN, District Judge.

This matter is before the Court on defendant's motion for summary judgment. Willie Blackmon, a Missouri inmate, filed this action under 42 U.S.C. § 1983 for actual and punitive damages against John Essary, the prison chaplain, on the ground that Essary violated his First and Fourteenth Amendment rights.

For the purposes of the motion before the Court, the record establishes the following. Blackmon, who is black, asked Essary for approval to receive by direct mail religious cassette tapes from the Greater Mt. Zion Christian Fellowship Church (Mt. Zion) in St. Louis, Missouri. Essary denied the request stating that prison policy did not permit prisoners to receive by direct mail tapes from sources other than commercial vendors. Essary explained that well-established ministries, such as Billy Graham's, are considered commercial vendors. Essary further explained that the tapes could be mailed to the prison library for the use of all inmates.

Blackmon filed a prison grievance charging that Essary's denial of his request was discriminatory. He also wrote to Mt. Zion explaining the situation. A few weeks later, Essary received by mail from Mt. Zion four tapes, literature about the church and a let-

ter for Blackmon.[1] Approximately forty days later, Essary told Blackmon about the tapes, gave them to him and told him that he would approve his request to receive such tapes directly from Mt. Zion.

In the present suit, Blackmon claims that Essary withheld the tapes in retaliation for the filing of the grievance and in violation of Blackmon's constitutional rights. The Court construes the complaint to also claim that Essary's initial denial of Blackmon's request to receive tapes directly from Mt. Zion was discriminatory and in violation of his First Amendment rights.

Essary attests that during the forty days in question, he attempted several times to reach Mt. Zion but was not successful. He then examined the tapes and decided they were appropriate for Blackmon's personal property list. The superintendent of the prison attests that the policy limiting inmates' receipt of tapes by direct mail to those sent by commercial vendors was instituted because tapes inmates had received from private sources often contained contraband (drugs) and private messages.

█ The Court first concludes that the prison policy allowing individual inmates to receive cassette tapes by direct mail only from commercial vendors or well-established religious ministries is constitutional. *See Bell v. Wolfish,* 441 U.S. 520, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1978) (rule prohibiting inmates from receiving books not directly mailed from publishers, book clubs or bookstores does not violate inmates' First Amendment rights, but is rational response by prison officials to security problem of smuggling contraband in books sent from outside).[2] There is no genuine dispute that Mt. Zion did not qualify as a well-established ministry for purposes of this rule. Thus Essary's initial denial of Blackmon's request did not involve any constitutional violations.

█ In the interest of prison security, prison officials may open and inspect mail addressed to an inmate outside the inmate's presence. *Thornburgh v. Abbot,* 490 U.S. 401, 109 S.Ct. 1874, 104 L.Ed.2d 459 (1989). What remains of Blackmon's claims against Essary is the forty-day delay in delivering the tapes to Blackmon. In *Valiant–Bey v. Morris,* 829 F.2d 1441 (8th Cir.1987), the Eighth Circuit held that an inmate's allegation that prison officials intentionally delayed delivery of mail from the Moorish Science Temple stated a claim of racial and religious discrimination. The Eighth Circuit remanded the case with directions that the parties file motions for summary judgment and affidavits setting forth the factual support for and against the inmate's claims. *Id.* at 1444.

The present case is now at the summary judgment stage. Essary attests that after he received the tapes he attempted to contact Mt. Zion several times and then examined the tapes to ascertain whether it would be appropriate for Blackmon to receive them. In response to Essary's affidavit, Blackmon has come forward with no evidence indicating that the delay was motivated by racial discrimination or retaliation or that Essary acted with the intent to violate Blackmon's freedom of religion rights.[3] Although the delay is somewhat troubling, upon review of the record the Court concludes that Essary has established that there was no intentional violation of Blackmon's constitutional rights. Thus the Court concludes that Essary is entitled to summary judgment. *See Holloway v. Pigman,* 884 F.2d 365, 367 (8th Cir. 1989) (where inmates presented no evidence that prison officials drew distinctions between incoming mail on any basis other than

---

1. Essary attests that the letter was addressed to him stating that the tapes were for Blackmon's use. In considering Essary's motion for summary judgment, the Court adopts the version most favorable to Blackmon.

2. The Court notes that inmates could have access to tapes from non-recognized religious ministries through the prison library (assuming the contents of the tapes posed no security risk).

3. Blackmon responded to the motion by asking that counsel be appointed to represent him because he has diabetes and cannot properly prosecute the case on his own. He specifically challenges Essary's statement that the package from Mt. Zion was addressed to Essary, and insists that it was addressed to him (Blackmon) in care of Essary. Upon review of the record and the factors set forth in *In re Lane,* 801 F.2d 1040, 1043–44 (8th Cir.1986), the request for appointment of counsel will be denied.

prison security, as asserted by officials, summary judgment properly granted officials on inmates' claim regarding delay and confiscation of mail).

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion for summary judgment is granted.

**IT IS FURTHER ORDERED** that all other pending motions are denied as moot.