42 F.3d 1390
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
William E. YEOMAN, Plaintiff-Appellant,
v.
L. THOMPSON, Lieutenant; John Short, Lieutenant,
Defendants-Appellees.
 No. 94-1392.
 United States Court of Appeals, Sixth Circuit.
 Dec. 6, 1994.
 
 Before: LIVELY, JONES and DAUGHTREY, Circuit Judges.
 
 ORDER
 
 1
 William E. Yeoman, proceeding pro se, appeals a district court judgment, dismissing his civil rights suit filed pursuant to 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary and equitable relief, Yeoman sued two Michigan state prison officials without specifying the capacity in which he sued the defendants. Yeoman alleged that the defendants: 1) interfered with his incoming mail and opened his legal mail outside of his presence; 2) provided him with an inadequate grievance procedure; and 3) denied him information requested pursuant to the Michigan Freedom of Information Act.
 
 
 3
 After reviewing the defendants' motion for summary judgment and plaintiff's response, a magistrate judge filed a report recommending that the district court grant the defendants' motion. Over Yeoman's objections, the district court adopted the magistrate judge's recommendation and dismissed the complaint. Yeoman has filed a timely appeal, reasserting his same claims.
 
 
 4
 Upon review, we conclude that the district court properly granted summary judgment to the defendants as there is no genuine issue of material fact and the defendants are entitled to judgment as a matter of law. See Fed.R.Civ.P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). While Yeoman has a right to receive mail, see Pell v. Procunier, 417 U.S. 817, 822 (1974); Lavado v. Keohane, 992 F.2d 601, 607 (6th Cir.1993), because the defendants did not intentionally interfere with this right, their actions do not rise to the level of a constitutional violation. See Donald v. Wilson, 847 F.2d 1191, 1198-99 (6th Cir.1988). Moreover, absent claims of intentional delay, mere delay in delivery of prisoner mail is not unreasonable and thus fails to raise a constitutional question. See Valiant-Bey v. Morris, 829 F.2d 1441, 1444 n. 5 (8th Cir.1987); Bryan v. Werner, 516 F.2d 233, 238 (3d Cir.1975). Moreover, the defendants are not liable to plaintiff as they did not personally interfere with the delivery of his mail. See Leach v. Shelby County Sheriff, 891 F.2d 1241, 1246 (6th Cir.1989), cert. denied, 495 U.S. 932 (1990).
 
 
 5
 In addition, Yeoman received all the process due him as the defendants took steps to ensure that he received his mail. See generally Mathews v. Eldridge, 424 U.S. 319, 333 (1976); Yashon v. Hunt, 825 F.2d 1016, 1022 (6th Cir.1987), cert. denied, 486 U.S. 1032 (1988). Yeoman cannot pursue his claim regarding his request for information pursuant to Michigan's Freedom of Information Act under Sec. 1983 as he has not alleged a deprivation of a right secured by the Constitution or laws of the United States. See O'Brien v. City of Grand Rapids, 23 F.3d 990, 995-96 (6th Cir.1994); Russo v. City of Cincinnati, 953 F.2d 1036, 1042 (6th Cir.1992).
 
 
 6
 Accordingly, we hereby affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.