# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-1455

_____

Ysidro Espinoza,                  *
                                        *

    Petitioner - Appellant,    *

                                        *   Appeal from the United States
   v.                          *   District Court for the
                                        *   District of Minnesota.

T. C. Peterson,                 *
                                        *

    Respondent - Appellee.    *

_____

Submitted:  November 15, 2001

Filed:   March 20, 2002

_____

Before LOKEN, HEANEY, and RILEY, Circuit Judges.

_____

LOKEN, Circuit Judge.

Federal inmate Ysidro Espinoza seeks judicial review of prison discipline in which he lost thirteen days of "good time" credit for fighting with another inmate at the Federal Correctional Institution at Sandstone, Minnesota. The district court[1] denied habeas corpus relief, concluding that "some evidence" supports the prison officials' decision to impose this sanction, the due process standard adopted in <u>Superintendent</u>

_____

[1]The Honorable PAUL A. MAGNUSON, United States District Judge for the District of Minnesota, adopting the Report and Recommendation of the Honorable JOHN M. MASON, United States Magistrate Judge for the District of Minnesota.

v. Hill, 472 U.S. 445, 455-56 (1985).  Espinoza appeals, arguing that his due process rights were violated because confidential information was not disclosed to Espinoza or his attorney, and because he was not allowed to present the live testimony of the other inmate at his disciplinary hearing.  We affirm.

## I.

Espinoza was found wearing sunglasses to hide bruises around his right eye. Lieutenant Dan Clark investigated and prepared an Incident Report charging that Espinoza and inmate Jose Gonzalez had engaged in a fight in which "Espinoza choked inmate Gonzalez and inmate Gonzalez kicked and hit inmate Espinoza with a closed fist."  Notified of the charge, Espinoza denied fighting and explained he had been injured playing basketball.  After a  hearing, he was found guilty of the charge, but the decision was vacated on administrative appeal because of a procedural error.

Before the second hearing, Gonzalez was transferred to an Illinois facility. Espinoza's request that Gonzalez be returned to Sandstone to testify at the second hearing was denied, but the hearing was delayed until prison officials obtained a signed statement in which Gonzalez stated that he did not fight with Espinoza.  Other evidence favoring Espinoza were his statement that he was injured playing basketball, and a statement by inmate Kory Latraille that Espinoza and Gonzalez were injured playing basketball and softball.  However, the hearing officer concluded that "the greater weight of the evidence supports the finding that Inmate Espinoza did commit the prohibited act of fighting," because:  (1) the injuries to Espinoza and Gonzalez were consistent with the reported fight; (2) Espinoza wore sunglasses on a rainy day to hide his injuries; (3) Espinoza gave inconsistent statements about whether he had reported his alleged basketball injury to his Unit Officer; (4) there were inconsistencies in Latraille's statement; (5) prison staff received confidential information that Espinoza and Gonzalez were injured while fighting; and (6) the investigator determined that the charged fight had occurred.

Espinoza exhausted his administrative appeals and then filed this petition for a writ of habeas corpus under 28 U.S.C. § 2241. After reviewing the confidential information, Magistrate Judge Mason recommended that the petition be denied, concluding (i) prison officials had good reason not to disclose the confidential informant; (ii) the confidential informant was reliable; (iii) even without the confidential information there was sufficient evidence to uphold the hearing officer's decision; and (iv) the refusal to make inmate Gonzalez available for live testimony did not violate Espinoza's right to procedural due process. Judge Magnuson adopted this recommendation, rejecting Espinoza's contention that his attorney should be permitted to review the confidential information. We review the district court's legal conclusions *de novo*. See Gentry v. Landsdown, 175 F.3d 1082, 1083 (8th Cir. 1999).

## II.

Respondent concedes that depriving Espinoza of thirteen days good time credits as discipline for violating a prison rule implicates a liberty interest that is protected by the Due Process Clause. See Wolff v. McDonnell, 418 U.S. 539, 555-58 (1974). However, the process constitutionally due to inmates takes into account "the structure and content of the prison disciplinary hearing." Id. at 561. In general, when a prison disciplinary hearing may result in the loss of good time credits -

> the inmate must receive: (1) advance written notice of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action. . . . [In addition,] the findings of the prison disciplinary board [must be] supported by some evidence in the record.

Superintendent v. Hill, 472 U.S. at 454.

-3-

**A.** Espinoza first argues that he was denied procedural due process because the confidential information was neither disclosed to him during the prison disciplinary proceedings, nor disclosed to his attorney in the district court. He contends that disclosure of the identity of the confidential informant and the specifics of the informant's statement were essential to challenging the credibility of the informant, the veracity of the confidential information, and the sufficiency of the evidence supporting the hearing officer's decision.

Because disclosing the identity of prison informants may jeopardize their safety and prison security, we have upheld non-disclosure when there is a valid reason for keeping the information confidential and a determination that the confidential informant is reliable, for example, by in camera judicial review of the confidential information. See Goff v. Burton, 91 F.3d 1188, 1192 (8th Cir. 1996); Freitas v. Auger, 837 F.2d 806, 810 (8th Cir. 1988). However, because the overarching due process concern is whether "some evidence" supports the disciplinary decision, a reviewing court must examine the reason for non-disclosure and the reliability of the confidential informant only in cases where the confidential information is needed to satisfy the some evidence standard, as in Freitas, 837 F.2d at 811, and in Goff, 91 F.3d at 1192. When there is other evidence supporting the disciplinary decision, due process is satisfied "without determining the reliability of the confidential informant" or the institutional reasons for non-disclosure. Turner v. Caspari, 38 F.3d 388, 393 (8th Cir. 1994). Any other rule would violate the core principle that the some evidence standard "does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence." Superintendent v. Hill, 472 U.S. at 455.

In this case, the district court reviewed the administrative record and concluded that some evidence -- other than the confidential information -- supports the disciplinary decision. We agree. The nature of Espinoza's injuries, which were more consistent with a fight than with the claimed basketball injury; Espinoza's attempt to

hide the injuries and his inconsistent statements as to whether he reported them; inmate Latraille's confused attempt to support Espinoza's alibi; and the fact that many inmates reported that a fight occurred but denied knowing the participants, all support the hearing officer's findings that Espinoza's denial was not credible and that he committed the charged offense.

Alternatively, the district court reviewed respondent's in camera submission and concluded that there was good reason for not disclosing the confidential informant's identity and that the informant was reliable. After reviewing the materials submitted in camera, we agree. The materials included a declaration by the hearing officer giving valid reasons why disclosure of the informant's identity would have jeopardized prison security. The materials also included the confidential information considered by the hearing officer and documents explaining why the disciplinary committee concluded that the undisclosed informant was reliable. We agree with the district court that these materials satisfied respondent's burden to establish the confidential informant's reliability. See Freitas, 837 F.2d at 810 n.9. And like the district court, we reject as contrary to the some evidence standard Espinoza's contention that his attorney should have been granted access to the confidential information in the district court. Cf. Baxter v. Palmigiano, 425 U.S. 308, 314-15 (1976) (no right to counsel at prison disciplinary hearings).

**B.** Espinoza next argues that he was denied procedural due process when prison officials refused to bring inmate Gonzalez back to the Sandstone facility to testify live at Espinoza's second disciplinary hearing. An "inmate facing disciplinary proceedings should be allowed to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals." Wolff, 418 U.S. at 566. Though prison officials have broad discretion to limit an inmate's right to call witnesses, the officials "may be required to explain, in a limited manner, the reason why witnesses were not allowed to testify . . . either by making the explanation a part of the 'administrative

record' in the disciplinary proceeding, or by presenting testimony in court if the deprivation of a 'liberty' interest is challenged because of that claimed defect in the hearing." Ponte v. Real, 471 U.S. 491, 497 (1985); see Turner, 38 F.3d at 392.

In this case, the record does not reflect why prison officials refused to transport Gonzalez back to Sandstone to testify live at Espinoza's hearing. However, this is not a case where a defense witness was precluded from testifying. Rather, the second hearing was delayed while a written statement was obtained from Gonzalez in Illinois. That statement, which supported Espinoza's denial, was then made a part of the hearing record. We have recognized that prison officials have the discretion to accept an inmate witness's written statement in lieu of live testimony at a disciplinary hearing where "the offered testimony was not reasonably necessary to resolve the conflict and would cause undue delay." Malek v. Camp, 822 F.2d 812, 815 (8th Cir. 1987). Here, as the district court observed, transferring Gonzalez between prison facilities was an obvious security risk, and his live testimony "would have been unnecessarily cumulative" to his written statement. In these circumstances, the hearing officer's decision to require a written statement instead of live testimony was well within her broad discretion and did not violate Espinoza's right to procedural due process. See Hudson v. Hedgepeth, 92 F.3d 748, 752 (8th Cir. 1996); McMaster v. Pung, 984 F.2d 948, 952 (8th Cir. 1993).

The judgment of the district court is affirmed.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.