# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-2729

_____

John Warda,                                        *
                                                   *
          Appellant,                               *      Appeal from the United States
                                                   *      District Court for the District
     v.                                            *      of Minnesota.
                                                   *
Marty C. Anderson, Warden,                         *           [UNPUBLISHED]
                                                   *
          Appellee.                                *

_____

Submitted: July 29, 2005
Filed: August 8, 2005

_____

Before MORRIS SHEPPARD ARNOLD, FAGG, and SMITH, Circuit Judges.

_____

PER CURIAM.

Federal inmate John Warda challenges the district court's[*] dismissal of Warda's 28 U.S.C. § 2241 petition, in which he challenged the loss of good-time credits and other sanctions following a disciplinary determination he had possessed contraband. We affirm.

---

[*]The Honorable James M. Rosenbaum, Chief Judge, United States District Court for the District of Minnesota, adopting the report and recommendations of the Honorable Arthur J. Boylan, United States Magistrate Judge for the District of Minnesota.

Contrary to Warda's argument, due process requires only the existence of "some evidence" to support the revocation of good-time credits. See Superintendent v. Hill, 472 U.S. 445, 455 (1985) (due process requirements satisfied if "some evidence" supports decision to revoke good-time credits). Having reviewed the district court's findings for clear error, we conclude the record supports the court's determination the disciplinary decision was based on some evidence. See Hayes v. Long, 72 F.3d 70, 72 n.2 (8th Cir. 1995). Among other things, the hearing officer considered an incident report describing how a cooler with Warda's name on it and containing contraband was found under his bed during a search of his cubicle. The officer also considered a memorandum which stated an FBI special agent had interviewed Warda and Warda's cubicle-mate, and had determined the items belonged to Warda.

Warda also argues the district court should have independently evaluated the credibility of the confidential informant (CI ) whose information was considered by the hearing officer, but this argument fails because "some evidence" other than the CI information supports the disciplinary decision. See Hill, 472 U.S. at 455-57; Espinoza v. Peterson, 283 F.3d 949, 952 (8th Cir.) (reviewing court must examine reason for non-disclosure and reliability of CI only in cases where CI information is needed to satisfy "some evidence" standard), cert. denied, 537 U.S. 870 (2002).

Given the existence of some evidence to support the disciplinary determination, Warda's remaining arguments about application of the constructive-possession rule and certain allegedly erroneous factual determinations are meritless.

Accordingly, we affirm. See 8th Cir. R. 47B.

_____