# United States Court of Appeals
## For the Eighth Circuit

_____

No. 17-3465

_____

David Lee Jones

*Plaintiff - Appellant*

v.

Wendy Kelley, Director, Department of Correction Compliance Office; M. D. Reed, Assistant Director, Department of Correction Compliance Office; Raymond Naylor, Hearing Office Administrator, Department of Correction Compliance Office; Randall Watson, Warden, Varner Unit; Jeremy Andrews, Deputy Warden; Budnik, Deputy Warden (originally named as Butnik); Kennie Bolden, Major, Varner Supermax; Scott Taylor, Captain, Varner Unit; Williams, Captain; Bankston, Lieutenant, Varner Unit; Carolyn Eason, Lieutenant, Varner Unit; Mingo, Sergeant; Powell, Sergeant, Varner Unit; Madden, Lieutenant; Gladys Evans, Treatment Coordinator; Hawkins, Correctional Officer 1, Varner Unit; Terrie Banister, Hearing Officer

*Defendants - Appellees*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Pine Bluff

_____

Submitted: October 16, 2018
Filed: March 29, 2019
[Unpublished]

_____

Before COLLOTON, BOWMAN, and KELLY, Circuit Judges.

_____

PER CURIAM.

In this pro se action under 42 U.S.C. § 1983, Arkansas inmate David Jones appeals the district court's grant of summary judgment in favor of defendants on his claims alleging interference with access to courts and retaliatory discipline. Viewing the record in the light most favorable to Jones, we conclude that defendants were entitled to summary judgment on the access-to-courts claim. On the retaliation claim against defendant Taylor, we conclude that summary judgment was proper because Jones failed to present sufficient evidence that Taylor acted with retaliatory motive.

With respect to the retaliatory discipline claim against defendant Mingo, however, there are factual issues that require further proceedings. Disciplinary reports may qualify as "some evidence" of a disciplinary violation that would defeat a retaliation claim, *see Hartsfield v. Nichols*, 511 F.3d 826, 829-30 (8th Cir. 2008), but the report here was based on the statement of a confidential informant rather than personal knowledge of the reporting officer. In that situation, the district court should conduct an *in camera* review of the confidential statement to determine whether it is sufficient to constitute "some evidence" to support the disciplinary decision. *See Espinoza v. Peterson*, 283 F.3d 949, 952 (8th Cir. 2002); *Goff v. Burton*, 91 F.3d 1188, 1192 (8th Cir. 1996); *Freitas v. Auger*, 837 F.2d 806, 810 (8th Cir. 1988). Jones also presented evidence that, if believed, could support a finding that Mingo acted because of Jones's protected activity. R. Doc. 5, at 85-90.

For these reasons, we affirm in part, reverse in part, and remand for further proceedings.

KELLY, Circuit Judge, concurring in part and dissenting in part.

Defendants relied solely on the "some evidence" standard when seeking summary judgment on the retaliation claims against Mingo and Taylor. Thus, Jones was not on notice that he needed to come forward with evidence, other than the disciplinary report, of either defendant's retaliatory motive. Because it is unclear whether there was "some evidence" to support the disciplinary report authored by Taylor, I would remand the retaliation claims against Taylor, too.

———————————————